## No. 41,706

James Riggs, *Appellee,* v. W. M. Snell, *Appellant.* (Dianna Riggs; Robert M. Doll; E. E. Giles; Edward E. Giles; Harold F. Young; and, if any of the above named defendants is deceased, the respective unknown heirs, executors, administrators, devisees, trustees, creditors and assigns thereof; and the unknown heirs, executors, administrators, devisees, trustees, creditors and assigns of Georgia Elma Snell, deceased, *Appellees.*)

(350 P. 2d 54)

filed March 5, 1960.

*John A. Etling,* of Kinsley, argued the cause, and *W. N. Beezley,* of Kinsley, was with him on the brief for the appellant.

*Russell L. Strobel,* of Larned, argued the cause, and *Roscoe E. Peterson,* of Larned, was with him on the brief for the appellee.

The opinion of the court was delivered by

PRICE, J.: This was an action to quiet title to an interest in real estate, for partition of the land, and for an accounting of the rents and profits.

The appeal is by one of the defendants from an order overruling his demurrer to the petition.

The only question in the case is whether a deed to 320 acres of land to a husband and wife created in them a joint tenancy with right of survivorship—or a tenancy in common.

Material portions of the deed in question are as follow:

"SPECIAL WARRANTY DEED

"Filed for record this
18th day April 1941 at
10:30 A. M.
C. L. NORRIS
Register of Deeds

"Phoenix Joint Stock Land Bank
of Kansas City
  To
W. M. Snell
Georgia Elma Snell

"THIS INDENTURE, Made on this 4th day of April A. D., One Thousand Nine Hundred and Forty one, by and between PHOENIX JOINT STOCK LAND BANK OF KANSAS CITY, a corporation, duly organized and existing under and pursuant to The Federal Farm Loan Act, party of the first part, and *W. M. SNELL AND GEORGIA ELMA SNELL, his wife, or the survivor of either* of the County of Edwards, and State of Kansas, parties of the second part,

"WITNESSETH: THAT SAID PARTY OF THE FIRST PART, for and in consideration of the sum of Ten Dollars ($10.00) and other valuable consideration to it in hand paid by the said parties of the second part, the receipt of which is hereby acknowledged, does by these presents, *Sell, Convey and*

*Confirm, unto the said parties of the second part, their heirs and assigns,* all the following described lots, tracts or parcels of land, lying, being and situate in the County of Edwards, and State of Kansas, to-wit:

. . . . . . . . . . . . . . . .

". . . Title to the oil, gas and other minerals hereby excepted is to remain vested in the said grantor for a period of the next fifteen years from the date hereof and as long thereafter as oil, gas and other minerals are produced from these premises, provided such production is first had within the said fifteen year period, *and grantees do hereby covenant and agree for themselves, their heirs, executors and administrators or assigns,* that the grantor, its successors or assigns shall have the right at any time to redeem for grantees by payment of taxes or other liens upon the above described lands in the event of default of payment by grantees, and be subrogated to the rights of the holder thereof. . . .

"TO HAVE AND TO HOLD, the premises aforesaid, with all and singular the rights, privileges, appurtenances, and immunities thereunto belonging or in anywise appertaining, *unto the said parties of the second part and unto their heirs and assigns forever,* the said PHOENIX JOINT STOCK LAND BANK hereby covenanting that the said premises are free and clear from any encumbrance done or suffered by it and that it will warrant and defend the title of the said premises *unto the said parties of the second part and unto their heirs and assigns forever,* against the lawful claims and demands of all persons claiming by, through or under it." (Emphasis supplied.)

On July 26, 1947, Georgia Elma Snell, one of the grantees, died intestate. Her heirs-at-law were her husband, W. M. Snell (the other grantee and defendant-appellant here), her son, James Riggs (plaintiff-appellee here), and her granddaughter, Dianna Riggs, a minor child of a prior deceased son.

The petition of James, the son, is framed on the theory that the deed in question conveyed an estate in tenancy in common; that upon the death of Georgia, intestate, her undivided one-half interest in the land descended one-half to her husband, W. M. Snell, one-fourth to him (James), and one-fourth to Dianna, the granddaughter—that is to say, following Georgia's death W. M. Snell became the owner of an undivided three-fourths interest in the land, and James and Diana were the owners of an undivided one-eighth interest each.

The point of W. M. Snell's (hereafter referred to as defendant) demurrer to the petition is that the deed in question created in him and Georgia an estate in joint tenancy with right of survivorship, that upon her death he thus became vested with the entire fee in the land, and that James and Dianna acquired no interest therein.

As previously stated, the demurrer was overruled and defendant has appealed.

The parties agree that if the deed in question created a joint tenancy with right of survivorship, defendant's demurrer to the petition is good—but that if it created a tenancy in common, defendant's demurrer was properly overruled.

The sole question is, therefore—which of the two estates was created by the deed?

We think the language of the deed, taken as a whole, when measured by the applicable statute, leads to but one conclusion—that is, an estate in tenancy in common was created, rather than one in joint tenancy with right of survivorship.

G. S. 1949, 58-501, in force at all times here material, reads:

"Real or personal property granted or devised to two or more persons including a grant or devise to a husband and wife shall create in them a tenancy in common with respect to such property unless the language used in such grant or devise makes it clear that a joint tenancy was intended to be created: *Except,* That a grant or devise to executors or trustees, as such, shall create in them a joint tenancy unless the grant or devise expressly declares otherwise."

The provisions of this statute leave no doubt of the fact that presumptions are almost wholly in favor of tenancies in common, and that in order to overcome such presumption the language used in a grant or devise must make it *clear* that a joint tenancy was intended to be created. Its provisions have been construed and applied in a number of cases.

In *Bouska v. Bouska,* 159 Kan. 276, 153 P. 2d 923, it was held:

"The ancient common law rule favoring joint tenancy has been reversed, and the presumptions are now almost wholly in favor of tenancies in common. In construing a grant to two or more persons, the grant is to be regarded as creating a tenancy in common unless it clearly appears from the instrument a joint tenancy was intended." (Syl. 2.)

In *Spark v. Brown,* 167 Kan. 159, 205 P. 2d 938, it was held:

"In order to create a joint tenancy with the right of survivorship language must be used to make clear the intention to create such an estate." (Syl. 1.)

and said:

"The result is that when one desires to create a joint tenancy with the right of survivorship language must be used to make that intention clear, otherwise it will not be created." (p. 164.)

In *In re Estate of Swingle,* 178 Kan. 529, 289 P. 2d 778, it was held:

"The construction to be given to a written instrument granting or devising real property to two or more persons is that the estate thus created is that

of a tenancy in common unless, from the language used, it is clear that a joint tenancy is intended." (Syl. 1.)

In the deed before us, aside from the words

"and W. M. SNELL AND GEORGIA ELMA SNELL, his wife, or the survivor of either . . ."

found in the introductory or identification clause, there nowhere is any language descriptive of joint tenancy. In fact, in four other places language indicating an intention to convey an estate in tenancy in common is used.

In the granting clause appear the words

"unto the said parties of the second part, their heirs and assigns, . . ."

Following the recital of exceptions and reservations we find the words

"and grantees do hereby covenant and agree for themselves, their heirs, executors and administrators or assigns, . . ."

In the habendum and warranty clause the words

"unto the said parties of the second part and unto their heirs and assigns forever,"

appear twice.

In the face of this quoted language, may it be said that the intent to create a joint tenancy with right of survivorship is *clearly* expressed, as required by statute? We think not.

In passing, we note that G. S. 1949, 58-501, above, was amended in 1955 (see G. S. 1959 Supp. 58-501) by adding to it a number of provisions—two of which read:

"Where a deed, transfer or conveyance grants an estate in joint tenancy in the granting clause thereof and such deed, transfer, or conveyance has a habendum clause inconsistent therewith, the granting clause shall control. . . . The provisions of this act shall apply to all estates in joint tenancy in either real or personal property heretofore or hereafter created . . ."

Even if otherwise applicable—and concerning which we express no opinion—the quoted additions to the statute have no application to the matter before us because of the fact the *granting clause* in this deed does *not* grant an estate in *joint tenancy*. That clause, as previously shown, contains words commonly used in creating tenancies in common.

In his brief defendant calls our attention to certain of the 1959 "Standards of Title Examination" adopted by the Bar Association of the State of Kansas, relating to the creation of a joint tenancy. Concededly, these "title standards" are not binding on this court—

but they are entitled to consideration as being the concensus and general understanding of the bar of the state on the subject. We quote material portions of them:

### "7. JOINT TENANCY

7. Creation.

Problem A: How should joint tenancies be expressed in a deed?

Standard A: Since G. S. 1949, 58-501 states that such estates must be clearly expressed, the recommendation is made that the *granting clause* in the deed and the bequest or devise in the will run to 'X and Y *and the survivor of them as joint tenants and not as tenants in common,' and that the habendum and warranty clauses in deeds use the words 'to said grantees' without incorporating the words 'heirs and assigns.'* (Emphasis supplied.)

. . . . . . . . . . . . . .

7.1 Creation, Cont.

Problem B: Under what circumstances may a deed or devise made to two or more grantees be held to create a 'joint tenancy with right of survivorship?'

Standard B: ($a$) A deed, or devise, to two or more grantees, (whether of a future interest, or a present interest in possession), as joint tenants with right of survivorship and not as tenants in common, or as joint tenants and not as tenants in common, or as joint tenants with right of survivorship, shall be taken as a *clear* intention to create a joint tenancy. (Emphasis supplied.)

($b$) A deed to two or more grantees *'and the survivor'* of a present interest in possession shall be deemed to pass the entire interest to the survivor, provided there has been no alienation and there is no evidence in the deed that a right of survivorship was not intended. *Note:* This paragraph applies to a deed of a present interest in possession."

Defendant's reference is to 7.1 Standard B ($b$). Our answer to that is that there *is* evidence in *this* deed that a *right of survivorship* was *not* intended.

We consider it unnecessary to extend this opinion with a discussion of decisions from other jurisdictions bearing on the subject. Our statute and cases applying it are sufficient. The language used in this deed does not make "it clear that a joint tenancy was intended to be created"—as the statute requires.

It follows, therefore, that defendant's demurrer to the petition was properly overruled, and the judgment is affirmed.