No. 44,768

John L. Spresser and Erma Jean Spresser, *Appellants,* v. Margaret L. Langmade, a Widow, et al., *Appellees.*

(427 P. 2d 478)

Opinion filed May 13, 1967.

*Steven P. Flood,* of Hays, argued the cause, and *Clayton S. Flood,* of Hays, and *Joseph W. Fromme* and *Gene A. Smerchek,* both of Hoxie, were with him on the briefs for the appellants.

No appearance for appellees.

The opinion of the court was delivered by

Hatcher, C.: This appeal stems from a controversy over the nature of the estate conveyed by a deed.

The undisputed facts may be briefly stated.

On March 7, 1945, the Federal Farm Mortgage Corporation conveyed title to 480 acres of land located in Sheridan County, Kansas, to W. S. Langmade and Margaret L. Langmade, his wife, by deed.

Subsequently, on October 27, 1947, W. S. Langmade died leaving as his heirs his widow, Margaret L. Langmade, and five children. There was no probate proceeding in the estate of W. S. Langmade.

On March 25, 1963, the widow, Margaret L. Langmade, conveyed title to the real estate to plaintiffs.

This action was brought by plaintiffs to quiet their title to the land against the claims of the heirs of W. S. Langmade and others not material to this appeal. William Stephen Langmade, a grandson of W. S. Langmade, filed his answer alleging that W. S. Langmade and Margaret L. Langmade, his wife, acquired title to the land in question as tenants in common and not as joint tenants by the deed and that the subsequent conveyance to appellants by the surviving widow, Margaret L. Langmade, conveyed only an undivided 3/4ths interest in the property, leaving the remaining undivided 1/4th

interest vested in the heirs of W. S. Langmade, deceased, other than his widow. No other heirs of W. S. Langmade appeared but Henry L. Daniels, as guardian *ad litem* and military service attorney, filed a general denial of the allegations in the petition.

The trial court determined that the deed conveyed title to the Langmades as tenants in common and entered judgment confirming the title to an undivided ¼ interest in the real estate in the heirs of W. S. Langmade, deceased, except for his widow.

The plaintiffs have appealed.

The sole issue involved is whether the deed conveyed the real estate to the grantees as "tenants in common" or "joint tenants."

We present the deed with the detailed description of property deleted with two other changes—where the words "parties of the second part" appear in the granting and habendum clauses we have indicated its deletion and included the antecedent words used in the identification or introductory clause.

"CORPORATION SPECIAL WARRANTY DEED

"THIS INDENTURE, Made this 7 day of March A. D. 1945, between the FEDERAL FARM MORTGAGE CORPORATION, a corporation, organized and existing under the laws of the United States, whose principal office is located in the District of Columbia, and with a branch office in the City of Wichita, Kansas, party of the first part, and W. S. LANGMADE and MARGARET L. LANGMADE, his wife, as joint tenants, with the right of survivorship, and not as tenants in common, of Oberlin in the State of Kansas, parties of the second part:

"WITNESSETH: That the said party of the first part, for and in consideration of the sum of FIVE THOUSAND AND NO/100 ($5,000.00) DOLLARS, to it in hand paid by said parties of the second part, the receipt whereof is hereby confessed and acknowledged, has granted, bargained, sold and conveyed and by these presents does grant, bargain, sell and convey unto the said ~~parties of the second part~~ [W. S. LANGMADE *and* MARGARET L. LANGMADE, *his wife, as joint tenants, with the right of survivorship, and not as tenants in common*], their heirs, successors and assigns, forever, its title to and interest in the following described real estate situated in the County of Sheridan and State of Kansas, to-wit:

[Detailed description of 480 acres omitted]

"TO HAVE AND TO HOLD The same, together with all and singular the title and interest of party of the first part in and to the tenements, hereditaments and appurtenances thereunto belonging, or in any wise appertaining, forever and the said party of the first part hereby covenants and agrees that at the delivery hereof it is the lawful owner of the interest hereby conveyed in the above described premises; and that it will warrant and defend the same unto the ~~parties of the second part~~ [W. S. LANGMADE *and* MARGARET L. LANGMADE, *his wife, as joint tenants, with the right of survivorship, and not as tenants in common*], their heirs, successors, and assigns, forever, against

said party of the first part, its successors and assigns, and all and every person or persons whomsoever lawfully claiming through, by or under it, them, or either of them.

[Signature clause omitted]"

The trial court did not state a reason for its conclusion that the deed created a tenancy in common and the appellees have not appeared in support of the decision. However, we have no difficulty in concluding that the deed conveyed the real estate to the grantees as joint tenants.

The statute which guides us in our decision provides insofar as material:

"Real or personal property granted or devised to two or more persons including a grant or devise to a husband and wife shall create in them a tenancy in common with respect to such property unless the language used in such grant or devise makes it clear that a joint tenancy was intended to be created: . . ." (K. S. A. 58-501.)

In *Riggs v. Snell,* 186 Kan. 355, 350 P. 2d 54, rehearing denied 186 Kan. 725, 352 P. 2d 1056, we considered the above statute and stated:

"The provisions of this statute leave no doubt of the fact that presumptions are almost wholly in favor of tenancies in common, and that in order to overcome such presumption the language used in a grant or devise must make it *clear* that a joint tenancy was intended to be created. Its provisions have been constructed and applied in a number of cases." (p. 358.)

In the *Riggs* case we considered the cases in which we have held that in order to create a joint tenancy with right of survivorship language must be used to make clear the intention to create such an estate and concluded that designating the grantees as "W. M. Snell and Georgia Elma Snell, his wife, or the survivor of either" did not make clear an intent to create joint tenancy with right of survivorship where the granting and habendum clauses contained the language "unto the said parties of the second part and their heirs and assigns forever."

It would appear that one understanding the meaning of "joint tenants with the right of survivorship" would have no difficulty in incorporating the words "joint tenants" in the descriptive clause. It cannot be said that every use of the word "survivorship" implies a joint tenancy.

In this case, using the same rules of law as we applied in the *Riggs* case, it is clear that the language in the descriptive clause in the deed under consideration created a joint tenancy with the

right of survivorship. The words "W. S. Langmade and Margaret L. Langmade, his wife, as joint tenants with the right of survivorship and not as tenants in common" is the clearest type of language to be used in creating a joint tenancy.

Neither can it be said that the same language is not used in both the granting clause and the warranty or habendum clauses. The use of the phrase "parties of the second part" in an instrument is simply a convenient or short term in lieu of the full designation of the grantees. If the meaning of the language used will be simplified then the antecedent description should be substituted for the convenient term "parties of the second part." This we have done for clarifying purposes in the deed which we have quoted, leaving the intention of the parties without doubt.

We conclude that where, in the introductory clause of a deed made by a grantor in favor of a husband and wife, the grantees were described as "joint tenants with the right of survivorship and not as tenants in common" but in the granting and habendum clauses there were included the words "unto said parties of the second part, their heirs, successors and assigns, forever," a joint tenancy was clearly created.

The judgment is reversed.

APPROVED BY THE COURT.

FROMME, J., not participating.