No. 45,616

IN THE MATTER OF THE ESTATE OF BERTA MAE TRUEX, Deceased. Margaret E. Truex, Executrix of the Estate of Bennett C. Truex, Deceased, *Appellant*, v. Ruth Archer, Administratrix of the Estate of Berta Mae Truex, Deceased, *Appellee*.

(468 P. 2d 237)

Opinion filed April 11, 1970.

*Roger Sherwood*, of Kahrs, Nelson, Fanning, Hite & Kellogg, of Wichita, argued the cause, and *Larry A. Withers*, of the same firm, was with him on the brief for the appellant.

*Robert E. Blase*, of Wichita, argued the cause, and *Paul W. Clark*, also of Wichita, was with him on the brief for the appellee.

The opinion of the court was delivered by

FONTRON, J.: The sole issue before us centers upon construction of the last will and testament of Berta Mae Truex.

Mrs. Truex died June 22, 1965, being survived by a son, Bennett C. Truex, and a daughter, Ruth Archer. So far as material to the question presented in this case, her will provided as follows:

"I hereby give, devise and bequeath my property as follows, to-wit:—Jointly to my son Bennett C. Truex and my daughter, Ruth Archer, all real property, which consists of Lots 12-14-16-18-20-22, Maple, now English Street, B. D.

Allen's Addition, Sedgwick County, Wichita, Kansas and all improvements thereon. All personal property to be divided as Ruth Archer and Bennett C. Truex shall mutually decide. In case of the death of my son, Bennett C. Truex before my daughter, Ruth Archer, all property, both real and personal, shall go to Ruth Archer, or in the case of the death of my daughter, Ruth Archer before my son, Bennett C. Truex, all property, both real and personal, shall go to Bennett C. Truex."

Bennett Truex died some two years after the death of his mother, but before her estate had been fully probated. Bennett's widow, Margaret, was appointed executrix of his estate and, on behalf of his estate, filed a petition to compel distribution to his estate of a one-half interest in the real property left by his mother. This petition was resisted by the testatrix's daughter, Ruth Archer, who was appointed administratrix of her mother's estate upon Bennett's death. Both parties to this appeal have stipulated that Margaret's petition may be treated, for purposes of this appeal, as a petition for the construction of the will of Berta Mae Truex.

The contentions of the respective parties are these: Ruth Archer maintains that the quoted portion of the will creates a joint tenancy with rights of survivorship between Bennett and herself and that she, as the surviving joint tenant, now has full title to her mother's real estate. On the other hand, Margaret Truex, whom we have been given to understand is Bennett's sole heir as well as his devisee, contends the will must be construed as creating merely a tenancy in common between Bennett and Ruth, with Bennett's half interest in the property now being an asset of his estate.

Margaret's position was rejected in probate court. She thereupon appealed to district court, which found that under the terms of Berta's will a joint tenancy with right of survivorship was created between Bennett Truex and Ruth Archer, and that upon Bennett's death the entire fee in the real estate became vested in Ruth. From this decision Margaret has appealed to this court.

In our opinion, the trial court was eminently correct in its construction of Mrs. Truex's will. No principle of testamentary construction has been more consistently observed by this court throughout the long years of its existence, than this; that in the interpretation of the provisions set forth in the will of a decedent, the cardinal rule which must be followed is to ascertain first, if possible, the testator's actual intention as expressed in the language of the will, itself. (See cases in 5 Hatcher's Kansas Digest (Rev. Ed.) Wills, §§ 101-103 and 9B West's Kansas Digest, Wills, § 439-440.)

The rule is aptly stated in *In re Estate of Freshour*, 185 Kan. 434, 345 P. 2d 689, in these words:

"When a court is called upon to determine the force and effect to be given the terms of a will, the cardinal rule of construction to which all other rules are subordinate is that the intention of the testator as garnered from all parts of the will is to be given effect, and that doubtful or inaccurate expressions in the will shall not override the obvious intention of the testator. . . ." (p. 438.)

Examining the will of Mrs. Truex we experience no great difficulty in discovering what she intended to accomplish in the arrangement of her affairs. On oral argument the appellant advised us that Mrs. Truex herself prepared the will on a stationery form, filling in the blanks. Our perusal of the document tends to bear out that intelligence. Although the testatrix used no such *magic* words as "survivor" or "survivorship", we are nonetheless constrained to say that for a layman, untrained in law and unfamiliar with the technical niceties of legal terminology, she expressed herself surprisingly well and, indeed, quite clearly, in directing the disposition of her property after death.

Despite the absence of incantation, the will, in specific terms, devises all real property *jointly* to her son, Bennett and her daughter, Ruth. The will then recites: (1) In case of Bennett's death before Ruth's, all property shall go to Ruth, and (2) in case of Ruth's death, before that of Bennett's, all property shall go to Bennett. This language appeals to us as being plain and unambiguous, requiring no tortured construction to uncover veiled or latent meanings.

There is considerable resemblance between the provisions of the instant will and that which was the subject of dispute in *Householter v. Householter*, 160 Kan. 614, 164 P. 2d 101. In four of the paragraphs found in the *Householter* will, specific tracts of real estate were devised to various members of the testator's family either "jointly" or "to have jointly." No occult or conflicting terminology was employed by Mr. Householter in drafting his will, and this court held that each of the four devises created a joint tenancy.

In our view the *Householter* decision is in accord with the general rule stated in 46 A. L. R. 2d Anno., Will-Joint Tenancy-Presumption, § 5, p. 534:

"Except where the statute may in terms require an express declaration of joint tenancy and is rigidly construed in that regard . . . it seems evident that a devise (and likewise, in some jurisdictions, a bequest) made in such

terms or conjoined with such provisions as clearly to imply that the estate is to continue in the survivor of the designated persons will be held to create in them a joint tenancy."

Cases found in support of this general proposition include *Pierce v. Baker*, 58 N. H. 531, where the testatrix willed all her property to her two daughters, or to the "longest liver of them." This provision was held to create a joint tenancy in the two daughters with rights of survivorship.

Similarly, in *Mundhenk v. Bierie*, 81 Ind. App. 85, 135 N. E. 493, a devise of land to "two daughters jointly" was held to create, without further description, a joint tenancy and not a tenancy in common.

The heart of the argument presented by the appellant on behalf of Bennett's estate, (and incidentally on her own behalf as well, for we were informed upon oral argument that neither Bennett nor Ruth have children), is that the will can be given two interpretations: (1) That Mrs. Truex intended the survivor of her two children to have the undivided fee in her property no matter when the first dealth occurred or, (2) that Mrs. Truex intended the survivor of her two children to have the entire fee only in case one of them predeceased her.

Since alternative interpretations of the will are possible, so runs the appellant's argument, the language of the will is ambiguous; being ambiguous in its wording, the will does not clearly disclose that a joint tenancy was intended; hence a tenancy in common, only, was created, following the mandate of K. S. A. 58-501:

"Real or personal property granted or devised to two or more persons including a grant or devise to a husband and wife shall create in them a tenancy in common with respect to such property unless the language used in such grant or devise makes it clear that a joint tenancy was intended to be created: . . ."

The foregoing argument would have merit were it not bottomed on the specious premise that the language of the will is logically susceptible to both of the interpretations suggested by the appellant. We find nothing in Mrs. Truex's plan for the devolution of her property to indicate an intention on her part that the surviving child should take the fee if, and only if, the other child preceded her in death. In our judgment the expressed intention is exactly otherwise. The questioned provision reads "In case of the death of my son, Bennett C. Truex *before my daughter, Ruth Archer,* all property . . . shall go to Ruth . . ." The connotation would be quite

different had the provision been "In case of Bennett's death *before my own.*" The distinction between the two phrases is fundamental.

We are familiar with the cases cited in the appellant's brief, but find none of them at variance with the conclusion we have reached in this case. This court has always recognized the statutory fiat of K. S. A. 58-501, and our decisions reflect the principle that before a joint tenancy may be created, language must be found making clear such an intention. (*Spark v. Brown*, 167 Kan. 159, 205 P. 2d 938; *In re Estate of Swingle*, 178 Kan. 529, 289 P. 2d 778.)

On the other hand we have not hesitated to uphold estates in joint tenancy where it was clearly established that the parties intended that an estate of such character be created, (*Spresser v. Langmade*, 199 Kan. 96, 427 P. 2d 478; *In re Estate of Smith*, 199 Kan. 89, 427 P. 2d 443; *Simonich, Executrix v. Wilt*, 197 Kan. 417, 417 P. 2d 139), even though the talismanic words might be missing. (*Householter v. Householter*, supra; *Edwards v. Ledford*, 201 Kan. 518, 441 P. 2d 834.) It is the clearly expressed intention which must be held decisive in every case.

We find no error in the judgment of the court below and the same is affirmed.