NOT DESIGNATED FOR PUBLICATION

No. 120,247

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

ESTATE OF MICHAEL K. DARBY,
By and Through Personal Representative
Brian M. Darby,
*Appellant*,

v.

JOANNE BETTENCOURT,
*Appellee*.


MEMORANDUM OPINION


Appeal from Johnson District Court; JAMES F. VANO, judge. Opinion filed September 20, 2019. Reversed and remanded with directions.

*Paul Schepers* and *James H. Maggard*, of Seigfreid Bingham, PC, of Kansas City, Missouri, for appellant.

*David L. Ballew*, of Duggan Shadwick Doerr & Kurlbaum LLC, of Overland Park, for appellee.


Before BRUNS, P.J., MALONE, J., and STEVEN E. JOHNSON, District Judge, assigned.


PER CURIAM: The Estate of Michael K. Darby appeals the decision of the trial court regarding ownership of certain real estate on opposing motions for summary judgment finding the existence of joint tenants with rights of survivorship with Joanne Bettencourt and granting judgment in her favor. For reasons we explain below, we reverse the district court and remand for further proceedings consistent with this opinion.

1

In April 1987, Timothy Darrow and Virginie Darrow (Grantors) executed a Kansas warranty deed to the property involved in this case, having an introductory clause identifying "MICHAEL K. DARBY and JOANNE BETTENCOURT [(Grantees)], both single persons as joint tenants." The deed also stated in the granting clause that the Grantors "Grant, Bargain, Sell and Convey unto the [Grantees], their heirs and assigns, all the following described real estate." The deed also had a habendum clause which stated that the Grantors "will warrant and forever defend the same unto [Grantees], their heirs and assigns."

Neither Darby nor Bettencourt conveyed their interest in the property. Darby died intestate in May 2017. After Darby's death, his Estate petitioned for partition and sale of the property. The Estate alleged that Darby and Bettencourt held the property as tenants in common.

In response, Bettencourt argued that she and Darby received the property as joint tenants and that title to the property vested in fee simple to her when Darby died. Bettencourt also filed a counterclaim seeking quiet title over the property.

The parties filed opposing motions for summary judgment. Bettencourt attached an affidavit to her motion, identifying herself as a real estate agent who understood the legal effect of the deed's phrase "as joint tenants" to mean that the property's fee simple title would ultimately pass to the survivor between Darby and herself. Bettencourt also said she intended to accept title to the property with Darby as a joint tenant.

The Estate argued the Grantors conveyed the property to the Grantees as tenants in common but did not present any additional evidence supporting the motion. The record

contains nothing other than the deed to show what the Grantors intended when they conveyed the property.

The district court considered the parties' motions and granted summary judgment in favor of Bettencourt and denied the Estate's motion. The district court found the deed was ambiguous because it simultaneously purported to convey the property to the Grantees as joint tenants while also conveying the property to the Grantees and their heirs and assigns. The district court then said it would consider whether either party offered extrinsic evidence and deny summary judgment if there was a factual dispute.

The district court noted that Bettencourt offered some extrinsic evidence to support her motion and characterized Bettencourt's additional facts as: "(1) what Bettencourt, as grantee, understood 'as joint tenants' to mean, (2) a conversation between the grantees and Charles Darby, Michael Darby's father, and (3) potential testimony from Yvonne Slusser 'evidencing intent that the Property be conveyed to Michael Darby and Joanne Bettencourt as joint tenants.'" On the other hand, the district court found the Estate did not offer extrinsic evidence and instead argued extrinsic evidence should not be considered by the court.

The district court concluded its duty was to

"decide whether Bettencourt has met her burden to show that she 'is entitled to judgment as a matter of law' based on the deed, the interpretation of which is a question of law, and if so, must grant summary judgment for Bettencourt because the Estate has not 'come forward with evidence to establish a dispute as to a material fact.'"

The district court concluded the phrase "as joint tenants" provided clear evidence of the intent to create a joint tenancy instead of a tenancy in common. Alternatively, the district court held that under contract principles a typed provision controls in an

3

otherwise printed agreement. And because the phrase "as joint tenants" was typewritten in the deed, it controlled over the printed language discussing the Grantees' heirs and assigns. Ultimately, the district court found there was no genuine factual dispute, granted Bettencourt's motion for summary judgment, and denied the Estate's motion for summary judgment.

The Estate timely appeals.

### DID THE DISTRICT COURT ERR BY GRANTING BETTENCOURT'S MOTION FOR SUMMARY JUDGMENT AND DENYING THE ESTATE'S MOTION FOR SUMMARY JUDGMENT?

The Estate is seeking review of the district court's denial of its motion for summary judgment. Generally, "a denial of a motion for summary judgment is not an appealable decision." *Southwest Nat'l Bank v. Simpson & Son, Inc.*, 14 Kan. App. 2d 763, 768, 799 P.2d 512 (1990), *rev. denied* 248 Kan. 997 (1991); see *In re Estate of Ziebell*, 2 Kan. App. 2d 99, 100-01, 575 P.2d 574 (1978).

"In general, a party may only appeal from the entry of a summary judgment in favor of the opposing party, and not from the denial of the party's own motion for summary judgment. However, when a motion for summary judgment is denied at the time a motion for summary judgment in opposition is granted, the denial of summary judgment may be considered with an appeal from the grant of summary judgment." *Kauk v. First Nat'l Bank of Hoxie*, 5 Kan. App. 2d 83, Syl. ¶ 3, 613 P.2d 670 (1980).

Applying the *Kauk* exception, the *Southwest Nat'l Bank* panel determined:

"In this case, no other claims remained. The granting of Simpson's motion and the denial of the Bank's motion essentially completed the case and constituted a final order. The court's twin rulings were, in effect, a final decision since nothing further remained to be decided in the litigation.

4

"K.S.A. 1989 Supp. 60-2102(a)(4) provides that, on appeal from a final decision, 'any act or ruling from the beginning of the proceedings shall be reviewable.' Under the circumstances presented here, the denial of the Bank's motion for summary judgment is reviewable." 14 Kan. App. 2d at 768.

As in *Southwest Nat'l Bank*, here nothing remained to be decided before the trial court after it determined the type of estate granted by the deed. Finding in favor of one party was automatically a finding against the other. The trial court's granting of summary judgment in favor of Bettencourt and against the Estate was a final decision. We find we may review both decisions.

The district court's order puts the parties in a strange position on appeal. The Estate argues the district court was correct in finding the deed ambiguous but incorrect in resolving the ambiguity with extrinsic evidence as opposed to applying K.S.A. 58-501, which provides a tenancy in common is created unless the language makes it clear that joint tenancy was intended. On the other hand, Bettencourt argues the district court erred by finding the deed ambiguous but reached the correct conclusion with the application of the extrinsic evidence and finding clarity in the deed it previously ruled to be ambiguous.

Our scope of review on a decision sustaining a motion for summary judgment has been set forth on a number of occasions.

"''Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. The trial court is required to resolve all facts and inferences which may reasonably be drawn from the evidence in favor of the party against whom the ruling is sought. When opposing a motion for summary judgment, an adverse party must come forward with evidence to establish a dispute as to a material fact. In order to preclude summary judgment, the facts subject to the dispute must be material to the conclusive issues in the case. On appeal, we apply the same rules and when we find reasonable

5

minds could differ as to the conclusions drawn from the evidence, summary judgment must be denied."' [Citation omitted.]" *Patterson v. Cowley County, Kansas*, 307 Kan. 616, 621, 413 P.3d 432 (2018).

Determining whether a deed is ambiguous is a question of law to be determined by the court. "'The interpretation and legal effect of written instruments are matters of law, and an appellate court exercises unlimited review.'" *City of Arkansas City v. Bruton*, 284 Kan. 815, 828, 166 P.3d 992 (2007). "The question of whether a written instrument is ambiguous is a question of law subject to de novo review." 284 Kan. at 829.

A.      *Joint ownership of property in Kansas*

The two ways of jointly owning property in Kansas are ownership as tenants in common or as joint tenants with rights of survivorship. Tenancy in common is defined as "tenancy by two or more persons, in equal or unequal undivided shares, each person having an equal right to possess the whole property but no right of survivorship." Black's Law Dictionary 1769 (11th ed. 2019). In contrast, a joint tenancy "differs from a tenancy in common because each joint tenant has a right of survivorship to the other's share." Black's Law Dictionary 1767. When a joint tenant dies, his or her share passes to the surviving joint tenants.

The law presumes a tenancy in common exists unless the instrument of conveyance "makes it clear that a joint tenancy was intended to be created." K.S.A. 58-501. Interpretation of a statute is a question of law over which appellate courts have unlimited review. *Neighbor v. Westar Energy, Inc.*, 301 Kan. 916, 918, 349 P.3d 469 (2015). The most fundamental rule of statutory construction "is that the intent of the legislature governs if that intent can be ascertained." *State ex rel. Schmidt v. City of Wichita*, 303 Kan. 650, 659, 367 P.3d 282 (2016).

Since its enactment K.S.A. 58-501 has been interpreted by our appellate courts. While the results vary on whether the language used in such grant or devise makes it clear that a joint tenancy was intended to be created, they are consistent in that the court does not look beyond the language used in the grant or devise to make that decision. See, e.g., *In re Estate of Wood*, 218 Kan. 630, 632, 545 P.2d 307 (1976); *Spresser v. Langmade*, 199 Kan. 96, 427 P.2d 478 (1967); *Riggs v. Snell*, 186 Kan. 355, 350 P.2d 54 (1960); *Spark v. Brown*, 167 Kan. 159, 164, 205 P.2d 938 (1949); *Householter v. Householter*, 160 Kan. 614, 164 P.2d 101 (1945); *In re Estate of Lasater*, 30 Kan. App. 2d 1021, 1025, 54 P.3d 511, *rev. denied* 275 Kan. 964 (2002).

We find the trial court here erred in looking to extrinsic evidence to determine the intent of the Grantors beyond the language used in the deed. And even if the district court should have considered extrinsic evidence, the court erred by examining Bettencourt's affidavit to ascertain her understanding of what the phrase "as joint tenants" was intended to mean. Bettencourt's understanding of what the language in the deed was intended to mean is irrelevant. Instead, in deciding whether the language of a deed creates a joint tenancy or a tenancy in common, the only intent that matters is the intent of the *grantor* at the time the deed is conveyed. See *In re Estate of Wood*, 218 Kan. at 632.

Therefore, the only question before us is whether the phrase "as joint tenants" in the introductory clause of the deed makes it clear that the Grantors intended to create a joint tenancy when the deed later states in the granting clause and the habendum clause that the property is conveyed to the Grantees and "their heirs and assigns." The material facts necessary to make this decision were undisputed and properly before the district court pursuant to the opposing motions for summary judgment. As this is a question of law only subject to de novo review, we will give no deference to the decision of the district court. See *Bruton*, 284 Kan. at 828-29.

B.     *Was the language used in the deed clear?*

Whether a joint tenancy is created relies on the intent of the grantor at the time the property was conveyed. *In re Estate of Wood*, 218 Kan. at 632. And Kansas law is clear that "when one desires to create a joint tenancy with the right of survivorship language must be used to make that intention clear, otherwise it will not be created." *Spark*, 167 Kan. at 164. But Kansas requires no so-called "'magic words'" to create a joint tenancy, so long as the grantor's intent to create a joint tenancy is clear. *In re Estate of Lasater*, 30 Kan. App. 2d at 1025.

The Kansas Supreme Court addressed the language required to create a joint tenancy in *Riggs*. There, the conveyance contained language in the introductory clause describing the grantees as "W. M. SNELL AND GEORGIA ELMA SNELL, his wife, or the survivor of either." 186 Kan. at 356. The granting clause, the habendum clause, and the warranty clause contained the words, "unto the said parties of the second part and unto their heirs and assigns forever," or very similar language. 186 Kan. at 357. The Supreme Court held the deed did not clearly express an intent to create a joint tenancy but did not hold that specific language was required to express an intent to create a joint tenancy. 186 Kan. at 359-60.

In *Spresser*, our Supreme Court was tasked with determining whether a deed conveyed the property to the grantees as joint tenants or tenants in common. The deed initially identified the grantees "as joint tenants, with the right of survivorship, and not as tenants in common" as "parties of the second part." 199 Kan. at 97. In later paragraphs, the deed conveyed the property to the "[parties of the second part], their heirs, successors and assigns." 199 Kan. at 97.

Applying its earlier holding in *Riggs*, the *Spresser* court held the grantor clearly intended to create a joint tenancy, finding the words "'as joint tenants with the right of

8

survivorship and not as tenants in common' is the clearest type of language to be used in creating a joint tenancy." 199 Kan. at 99. The court concluded that the clear language used in the beginning of the deed overcame any issue with the use of the phrase "'their heirs, successors and assigns'" later in the deed. 199 Kan. at 99.

Our Supreme Court addressed a similar issue in *Householter*, where different sections of the will addressed how different parcels of real property would be held "jointly" by the beneficiaries. Other sections of the will that granted property did not use the term "jointly." The Supreme Court reasoned it should interpret the term "jointly" to show intent to create a joint tenancy because the will was written by someone familiar with the term in a legal context. That, coupled with the repetitive use of the term "jointly" and a conspicuous absence of the term in one section of the will, convinced the court that "the intention of the testator clearly appears from the wording of the will" and no ambiguity existed. 160 Kan. at 618-19.

In *Lasater*, a panel of this court addressed whether a joint tenancy was created by a conveyance that used the phrase "joint tenancy" on multiple occasions but did not convey the property in equal portions. The panel noted "the intention of the grantor, as gathered from examination of the instrument as a whole, is the primary consideration." 30 Kan. App. 2d at 1023. Interpretation of a deed should not be done by "isolating one particular sentence or provision, but by construing and considering the full instrument in its entirety." 30 Kan. App. 2d at 1024.

The *Lasater* panel held that even though the "'magic'" words were not used, the grantor's "intention was clear. Her intent to create a joint tenancy is best seen in her repeated use of the words 'joint tenant' or 'joint tenancy.'" 30 Kan. App. 2d at 1025. The panel acknowledged that while use of the "'magic' joint tenancy language 'as joint tenants with the right of survivorship and not as tenants in common' would have been helpful and

would probably have avoided this litigation," they were not necessary. 30 Kan. App. 2d at 1025.

Given this background, we must decide whether the deed clearly intended to create a joint tenancy. In other words, did the deed unambiguously create a joint tenancy? Under the plain language of the statute, if the language of the deed is ambiguous or unclear, then a tenancy in common is created. See K.S.A. 58-501. We find that determination is the end of the issue.

In this case, we find, as the district court did, the deed is ambiguous. The deed initially says the property is being conveyed to Darby and Bettencourt "as joint tenants." But a few lines later, the granting clause states the property is being conveyed to Darby and Bettencourt and "their heirs and assigns." As in the *Riggs* case, these two phrases are contradictory. If the property was conveyed to Darby and Bettencourt as joint tenants, *their* heirs and assigns would not later receive the property. Instead, only the survivor's heirs and assigns would be entitled to inherit the property. See Joint Tenancy, Black's Law Dictionary 1767. While the above cases make it clear that no "magic words" are required to create a joint tenancy, the intent to create a joint tenancy must still be clear. Contradictory phrases do create an ambiguity.

The district court relied heavily on *Spresser* and *In re Estate of Lasater* to support its conclusion that the deed clearly created a joint tenancy. But those cases are distinguishable from the current case as they were distinguished from *Riggs*. The deed in *Spresser* identified the grantees as "'joint tenants, with the right of survivorship, and not as tenants in common'" and later included "'their heirs, successors and assigns.'" 199 Kan. at 97. While the deed in this case also includes the "their heirs" language, the extra language that made it exceedingly clear that the grantor intended to create a joint tenancy was not included. And in *In re Estate of Lasater*, the deed contained the phrase "joint tenancy" multiple times but did not contain contradictory language. Instead, the possible

10

ambiguity in that case existed because the property was not held by the grantees evenly and the "'magic words'" were not present. 30 Kan. App. 2d at 1022, 1025. This case involved contradictory language within the deed itself, which places it outside the scope of *In re Estate of Lasater*.

*Householter* is also distinguishable. The will in *Householter* involved grants of different property, using different language and repeatedly used the term "jointly," indicating the testator knew and intended to convey the property to the Grantees as joint tenants. The deed here did not contain multiple uses of the phrase "joint tenancy" or "jointly" and contained contradictory language.

Instead, this case is most like *Riggs* because the language of the deed could arguably have been intended to create a joint tenancy or a tenancy in common. And like the district court in *Riggs*, the district court here should have held the deed did not clearly express an intent to create a joint tenancy. See 186 Kan. at 359.

Bettencourt attempts to preempt this conclusion by arguing the Estate is attempting to read a requirement of "magic words" into K.S.A. 58-501. Bettencourt points to language in the statute indicating that "'[w]here a joint tenancy is intended . . . it may be created by . . . [t]ransfer to persons *as joint tenants* from an owner or a joint owner to himself or herself and one or more persons *as joint tenants*.'" See K.S.A. 58-501(a). But Bettencourt omits a critical phrase from the quoted passage. The passage states: "Where joint tenancy is intended *as above provided* it may be created by . . . ." (Emphasis added.) K.S.A. 58-501. And the statute provides the language in the grant or devise must make it clear that a joint tenancy was intended to be created. K.S.A. 58-501.

Finally, Bettencourt argues that the legal terms "joint tenants" and "joint tenancy" *presume survivorship rights*. Citing definitions of the term "joint tenancy" in various legal dictionaries, Bettencourt argues that "[t]here is no such thing in the State of Kansas

11

(or anywhere else) as a joint tenancy <u>without</u> a right of survivorship." But in making this argument, Bettencourt treats the term "joint tenancy" as being synonymous with the term "joint tenants." We agree with Bettencourt that the term "joint tenancy" usually presumes survivorship rights. But the term "joint tenants"—depending on the context in which it is used—might only mean the real property is being conveyed to more than one tenant. Here, the deed in question did not convey the real property to Darby and Bettencourt "in joint tenancy"; instead, it conveyed the real property to Darby and Bettencourt "as joint tenants." Based on the ambiguity in the language of the deed that we have discussed, we cannot presume that the term "as joint tenants" presumes survivorship rights.

C.    *Impact of typewritten language in the deed*

The district court cited to *Amoco Production Co. v. Wilson, Inc.*, 266 Kan. 1084, 1089, 976 P.2d 941 (1999), for the principle that "[i]f there is a typed provision in an otherwise printed agreement, preference is given to the typewritten provision." However, the district court's reliance on the difference between typewritten and printed language was erroneous because the difference did not show a clear intent to create a joint tenancy.

In the deed, the phrase "MICHAEL K. DARBY and JOANNE BETTENCOURT, both single persons as joint tenants" is typed into what appears to be a form Kansas Warranty Deed. The contradictory language, "heirs and assigns," is a printed portion of the form deed. But the identifying "their" is typed. The whole phrase at issue reads "unto the said parties of the second part, *their* heirs and assigns." The typewritten "their" is what creates the ambiguity in this case. If the "their" was instead "the survivor's," then the ambiguity would not exist. The district court's reliance on the typewritten phrase "as joint tenants" to create a clear intent was erroneous.

D.    *Other jurisdictions and the use of the term "as joint tenants"*

Bettencourt also argues that other jurisdictions have held that the use of the words "as joint tenants" is such a clear expression of intent to create a joint tenancy that the inconsistency in the remainder of the deed should be ignored as the court did in *Spresser*. We find in analyzing the decisions of our Supreme Court as we have herein, our jurisdiction has not done so and there would be no purpose to look to other jurisdictions. We are duty-bound to follow Kansas Supreme Court precedent, absent any indication that it is departing from its previous position. See *Majors v. Hillebrand*, 51 Kan. App. 2d 625, 629-30, 349 P.3d 1283 (2015), *rev. denied* 303 Kan. 1078 (2016).

We are not taking the position that the use of the language "as joint tenants" is not an expression of an intent to create a joint tenancy, but it is no more so than the language "'the survivor of either'" as used in *Riggs*, 186 Kan. at 359. The ambiguity is created by the inconsistency of the additional language used to create a tenancy in common, not whether at any point in the deed language was used consistent with joint tenancy.

Ultimately, the language of the deed when read as a whole is ambiguous and fails to clearly show the Grantors intended to create a joint tenancy. The district court erred by finding a joint tenancy was created, granting summary judgment in favor of Bettencourt, and denying summary judgment against the Estate.

Reversed and remanded with directions for the district court to find that the deed created a tenancy in common and to consider the Estate's request to partition the real property.