ESTHER R. LYONS *et al.* v. MOLLY BERLAU *et al.*

No. 13,217. (73 Pac. 52.)

SYLLABUS BY THE COURT.

1. WILLS—*Parties to Contest—Limitation of Action.* In an action to contest a will, one of the devisees who was friendly to the contestor, and who afterward joined in the suit to have the will annulled, was not made a party until after two years from the time the will was probated. *Held,* that the bringing in of such party was permissible, and that the prosecution of the action thereafter was not affected by the statute of limitations. (*Hucklebridge v. Railway Co.*, 66 Kan. 443, 71 Pac. 814.)

2. PRACTICE, DISTRICT COURT—*Misjoinder of Causes.* Where a misjoinder of causes of action appears on the face of the petition, the question of misjoinder must be raised by demurrer and cannot be taken advantage of by answer.

3. ——— *Incompetent Testimony Stricken Out.* Where incompetent testimony was admitted, and the court, upon application of the party in whose interest it was offered, excluded it and struck it out, the opposite party has no ground for complaint.

4. ——— *Testimony Competent to Sustain Either Cause.* If

testimony is competent to sustain either one of two causes of action contained in the petition it should be admitted.

5. TRUSTS AND TRUSTEES— *Operation of Law.* A trust in lands created under the conditions mentioned in section 7880, General Statutes of 1901, arises by operation of law, and the agreement to create it need not be in writing. It may be inferred from circumstances.

Error from Leavenworth district court; J. H. GILL-PATRICK, judge.   Opinion filed July 10, 1903.   Affirmed.

*Atwood & Hooper*, for plaintiffs in error.

*F. P. Fitzwilliam, J. C. Petherbridge,* and *C. R. Middleton,* for defendants in error.

The opinion of the court was delivered by

SMITH. J.: Bernard Korman died in June, 1899. His wife and a married daughter, Molly Berlau, survived him.   For more than two years prior to his death his wife had been demented and confined in an insane asylum.   He left a will in which one-half of his property was devised and bequeathed to his wife, excepting $300 to buy a monument, and the remainder was left to Esther R. Lyons, in consideration of the care she had given him in his old age.   H. E. Michael was named as executor in the will.

The will was executed in July, 1897, and admitted to probate June 20, 1899.   On August 22, 1899, this action was brought by Molly Berlau, daughter of the testator, to set aside the will on account of mental incapacity of the testator and undue influence exercised over him by Esther R. Lyons.   Joined with the cause of action to annul the will was a cause of action to set aside certain conveyances of real estate made to Mrs. Lyons by Korman in his lifetime.   Of the property so conveyed it is unnecessary to take into con-

sideration but one parcel of land, known as "Korman's Park," containing about eight acres, near the city of Leavenworth. All controversy over the other real estate and the personal property was abandoned at the trial.

The case was tried on the third amended petition, filed on November 6, 1901. The executor and Esther R. Lyons at first filed demurrers to this petition, on the ground that it showed on its face that the action was barred by the statute of limitations, which demurrers were overruled. There was no error in this ruling. While the amended petition demurred to was filed more than two years after the probate of the will, the original was filed about sixty days after it was probated. The only change of consequence was the addition in the last petition of the names of Amelia Korman, the insane wife of the testator, and her guardian, who were made defendants. There was no material change in the allegations affecting the conduct of Esther R. Lyons or in the relief sought against her, and Amelia Korman, in her answer to the last petition, joined with the plaintiff below in demanding that the will be set aside. Under the circumstances of the case, we are clear that the court below did not err in allowing the amendment, and properly overruled the demurrers. (*Hucklebridge v. Railway Co.*, 66 Kan. 443, 71 Pac. 814.)

After the demurrers were disposed of, the executor and Esther R. Lyons answered: (1) Denying generally the allegations of the amended petition; (2) that the action was barred by the statute of limitations, for the reason that it was not commenced within two years from the probate of the will; (3) that the plaintiff had joined together several distinct and separate causes of action, to wit, to set aside a

Lyons v. Berlau.

will 'and conveyances of real estate, and a cause of action to recover specific personal property.   The second and third defenses pleaded were stricken out of the answer on motion of the plaintiff below, on the · ground that they were redundant and irrelevant, and had been disposed of on demurrer. There was no error in this ruling.   The averment that the action · was barred by limitation had already been considered on the demurrers, and the rights of the demurring parties saved by exceptions.

If there was an improper joinder of causes of action, the fact appeared on the face of the amended petition. The statute reads :

"The defendant may demur to the petition only when it appears on its face . . . *Fifth*, that several causes of action are improperly joined." (Gen. Stat. 1901, § 4523.)

It is further provided :

"When any of the defects enumerated in section 89 [§ 4523, *supra*] do not appear upon the face of the petition, the objection may be taken by answer ; and if no objection be taken either by demurrer or answer, the defendant shall be deemed to have waived the same, except only the objection to the jurisdiction of the court, and that the petition does not state facts sufficient to constitute a cause of action." (Gen. Stat. 1901, § 4525.)

We construe these statutory directions to mean, as they read, that for misjoinder of causes of action the objection can be raised by answer only when the misjoinder is not apparent on the face of the petition.   If it be so, then a demurrer must be interposed.   The question of a misjoinder of causes of action is a question of law, not of fact, and ought to be presented by demurrer, the peculiar office of which is to tender an issue of law.   Under like statutes the supreme court

of Missouri has held that where a defect of parties was apparent on the face of the petition, advantage of it must be taken by demurrer, and that it would be deemed waived if defendants answer, even though they insist on the defect in their answer. (*Walker v. Deaver*, 79 Mo. 664.) See also *Colo. Coal and Iron Co. v. Lamb*, 6 Colo. App. 255, 40 Pac. 251, and Pomeroy's Code Remedies, third edition, sections 206 and 207. In a note to section 443 of the work last cited, the author says, speaking of misjoinder :

"If the objection appears on the face of the pleading, it *must* be raised by demurrer, and not by answer ; and this is substantially the same as saying that it must always be raised by demurrer, because the misjoinder will *always* appear on the face of the pleading."

That the compilers of the code intended that a misjoinder of causes of action should be raised by demurrer only is apparent from a reading of section 4526, General Statutes of 1901, which provides that when a demurrer is sustained on the ground of misjoinder of several causes of action the court shall allow the plaintiff to file several petitions, and the separate actions shall proceed without further notice.

Defendants below, except the guardian of the decedent's wife, filed motions to require plaintiff separately to state and number the causes of action contained in the second amended petition. The motion was overruled. It is now asserted by counsel for plaintiff in error that a denial of this motion was error. After this, by leave of the court, a third amended petition was filed, and it was nowise attacked by motion. We are clearly of the opinion that the ruling of the court on the motion, if erroneous, cannot be carried forward and be made to relate to a petition filed after-

ward, which was not in existence when the error was committed.

"The original complaint is superseded and its effect as a pleading destroyed by filing an amended complaint which is complete in itself and does not refer to or adopt the original as a part of it." (1 Encyc. of Pl. & Pr. 625. See, also, *United States v. Gentry*, 119 Fed. 70, 55 C. C. A. 658.)

There is no mention in the last petition of the allegations in those that preceded it, except a reference to the will marked "A," attached as an exhibit to the original petition.

As before stated, the action was reduced to a contest of the will, and joined with it an action to declare a trust in the "Korman Park" real estate, the legal title of which stood in Esther R. Lyons. Mrs. Berlau was permitted to testify to transactions had by her with her father, the decedent. There was much of this testimony. It was objected to by defendants below. After the witness had concluded, the court, on motion of the party offering it, excluded the testimony. We do not think that plaintiff in error can complain of this action of the court. (11 Encyc. of Pl. & Pr. 307.) There was other testimony admitted tending to show that Korman had in the absence of Mrs. Lyons made statements indicating that he, and not Mrs. Lyons, owned the land known as "Korman Park." It is conceded in the brief of counsel for plaintiff in error that this testimony was competent under that part of the petition which attacked the validity of the will. This being so, the court would not be justified in excluding it, for the two causes of action were permitted to stand in the petition without legal objection by Mrs. Lyons. The court in the instructions clearly indicated to the jury that evidence was necessary to set aside the will and what was essential to be proved

to declare a trust in the land. There was testimony tending to show that Bernard Korman, the decedent, paid for the park property with his own money, and, at his request, the vendor deeded the land to Mrs. Lyons.

It is contended by counsel for plaintiff in error that no trust in land so conveyed could be established by parol testimony, under section 7875, General Statutes of 1901, in favor of the heirs of decedent. The law reads:

"No trust concerning lands except such as may arise by implication of law shall be created, unless in writing signed by the party creating the same, or by his attorney thereto lawfully authorized in writing."

This court has distinguished cases like the present from those where the grantor himself asserted that the grantee held the land in trust for him. In the latter a parol trust was held to be void. (*Morrall v. Waterson,* 7 Kan. 199; *Gee v. Thrailkill,* 45 id. 173, 25 Pac. 588.) The statute relied on here reads:

"When a conveyance for a valuable consideration is made to one person and the consideration therefor paid by another, no use or trust shall result in favor of the latter; but the title shall vest in the former, subject to the provisions of the next two sections." (Gen. Stat. 1901, § 7880.)

By section 7882, following, it is provided that the above section shall not apply—

"where it shall be made to appear that by agreement and without any fraudulent intent the party to whom the conveyance was made, or in whom the title shall vest, was to hold the land or some interest therein in trust for the party paying the purchase-money or some part thereof."

In two cases, at least, this court has decided that where conveyances are made under the conditions

mentioned in section 7880 of the General Statutes, *supra*, a trust arises by operation of law, and that the "agreement" required by section 7882, *supra*, need not be in writing. (*Franklin v. Colley*, 10 Kan. 260; *Rayl v. Rayl*, 58 id. 585, 50 Pac. 501.)

For the writer (speaking for himself) it is difficult to understand the reasoning which brings the mind to conclude that where an agreement is necessary to impress land with a trust such a trust can arise by operation of law, and that because it arises by operation of law the agreement to create it may be proved by parol.

There was no express agreement shown on the part of Mrs. Lyons that she held the park property in trust for Korman. This was proved by circumstances. While the proof was not strong, we think it was sufficient to justify the jury in so finding. One George Wells sold the land to Korman in 1891, although the whole consideration was not paid until 1894. Mrs. Lyons was unknown in the transaction until the deed was made to her at Korman's request. There was some testimony to the effect that Mrs. Lyons did not have sufficient money to pay the consideration. Korman placed a sign at the entrance reading, "Korman's Park," and held possession of the property to the time of his death. He gave all of his attention to conducting it. In Perry on Trusts, section 137, fifth edition, it is said:

"The certainty required, however, is only such as is sufficient to satisfy the jury of the existence of the trust; and it is error to charge that the 'clearest and most positive proof' must be given. For this purpose all competent evidence is admissible, as the admissions of the nominal purchaser and grantee in the deed, recitals in the deed, and other proper documents, and even circumstantial evidence, as that the means of

28—67 KAN.

the nominal purchaser were so limited that it was impossible for him to pay the purchase-money." (See, also, *Newell v. Newell*, 14 Kan. 202, 207.)

There was ample evidence to sustain the findings of the jury on the question of undue influence.

The judgment of the court below will be affirmed.

All the Justices concurring.