No. 50,018

THE UNIVERSITY STATE BANK, A Kansas Banking Corporation, *Plaintiff,* v. LESLIE W. BLEVINS, JR., and MARILYN BLEVINS, *Defendants-Appellants,* LESLIE W. BLEVINS, SR., and OLETHA L. BLEVINS, *Defendants-Appellees.*

(605 P.2d 91)

Opinion filed January 19, 1980.

*Jerry L. Donnelly,* of Lawrence, was on the brief for the appellants.

*John A. Emerson,* of Barber, Emerson, Six, Springer & Zinn, of Lawrence, argued the cause and was on the brief for the appellee.

The opinion of the court was delivered by

MILLER, J.: This is an appeal from a final judgment on a cross-claim in a foreclosure action. The University State Bank filed the action against four members of the Blevins family, mortgagors, to foreclose a real estate mortgage. While the action was pending, the amount due the bank was paid in full and the property was sold to third persons. The proceeds were paid into court to await determination of the cross-claim, contesting the legal interests in the property. The bank was dismissed as a party

since it no longer had any interest in the lawsuit. Oletha L. Blevins, wife of Leslie Blevins, Sr., is not a party to the cross-claim.

Leslie Blevins, Sr., is the cross-claimant; he appears here as the appellee. The trial court refers to him as the plaintiff. The cross-claim was filed against Leslie Blevins, Jr. and his wife, Marilyn Blevins; they are the appellants. The trial court refers to them as the defendants.

The subject property, a commercial tract located in Lawrence, Kansas, was deeded to Leslie Blevins, Sr., Leslie Blevins, Jr. and Marilyn Blevins in two parcels. The first parcel was conveyed to plaintiff and defendants as tenants in common, the remainder was conveyed to them as joint tenants with right of survivorship. Blevins, Sr. as cross-claimant asserts he is the equitable owner of the entire parcel and that Blevins, Jr. and Marilyn are holders of bare legal title acquired solely for business convenience. The trial court found "[t]he relation of the parties, the facts and circumstances of these transactions and the conduct of the defendants in regard to all aspects concerning the real estate, infer the creation of a resulting trust . . . and that defendants held legal title to their interest in the real estate as trustees for plaintiff."

The appellants contend that the evidence is insufficient to support the trial court's conclusion that there was a valid purchase money resulting trust. The facts as disclosed by the evidence are substantially as follows:

The plaintiff, Blevins, Sr., operated the Blevins Bike Shop for many years at 7th and Michigan Streets in Lawrence, Kansas. In 1966, the defendant, Blevins, Jr., terminated his employment with the Lawrence Paper Company and commenced to work for his father in the bike shop. At all times he was a salaried employee. None of plaintiff's other children worked in the bike shop. In 1971, plaintiff sold the 7th Street property and the subject property located on 6th Street was purchased. The business was moved to the new location.

Plaintiff advanced all of the funds for purchase of the property and he made all of the payments on the mortgage thereafter. He testified in substance that he thought it wise to have the defendants named on the deeds to the new property so that they could continue with the business after his death; the defendants would have no interest until that time, and plaintiff would make all

payments on the mortgage during his lifetime; defendants would pay the balance, if any, which remained at plaintiff's death. This was all discussed with and explained to defendants before the deeds were executed. Plaintiff had no legal advice in this matter.

The business did not prosper in the new location. Defendant Blevins, Jr. took a job with the University of Kansas, and severed his employment with the cycle shop on November 18, 1973. Plaintiff sold the business effective December 31, 1973. He leased the property to the purchaser and thereafter collected the rent and paid the taxes, insurance, repairs, and mortgage installments.

In February, 1976, plaintiff consulted an attorney and discussed his estate plan. He was advised to place title to the tract in his name to facilitate the estate planning. He then asked the defendants to sign a quit claim deed; they refused. Mortgage payments were suspended, and this action followed.

At common law, a resulting trust is presumed when consideration is paid by one person and legal title is taken in the name of another. 76 Am. Jur. 2d, Trusts § 206. Our Kansas statutes have abolished this presumption, and for over 100 years it has been our rule that, "[w]hen a conveyance for a valuable consideration is made to one person and the consideration therefor paid by another, no . . . trust shall result . . . subject to the provisions of the next two sections." K.S.A. 58-2406. The second following section, K.S.A. 58-2408, provides an exception to the 58-2406 rule, "where it shall be made to appear that by agreement and without any fraudulent intent the party to whom the conveyance was made, or in whom the title shall vest, was to hold the land or some interest therein in trust for the party paying the purchase money . . . ." That exception is the one applicable to the case at hand.

The trial judge made some thirty-eight separate findings of fact, each of which is supported by substantial evidence in the lengthy record. We need not detail the evidence further here.

Appellants urge that the standard for proof of an agreement necessary to establish a resulting trust is that of "clear and satisfactory" evidence. Our case law does not compel such a standard.

In the early case of *Lyons v. Berlau,* 67 Kan. 426, 73 Pac. 52 (1903), we noted that the agreement to create a resulting trust need not be in writing; it may be proved by parol, or by circum-

stantial evidence. Proof of the agreement in *Berlau* was "not strong"; but we held it sufficient. We quoted with approval Perry on Trusts, § 137, fifth edition:

" 'The certainty required, however, is only such as is sufficient to satisfy the jury of the existence of the trust; and it is error to charge that the "clearest and most positive proof" must be given.' " (p. 433.)

We adhered to the *Berlau* standard in *Taylor v. Walker,* 114 Kan. 614, 617, 220 Pac. 518 (1923). Appellant relies upon *In re Estate of Gereke,* 165 Kan. 249, 265, 195 P.2d 323 (1948), where we said, "the proof must be clear and satisfactory to the trial court, not to an appellate court." A full reading of that opinion, however, discloses that the trial court had a choice of two possible inferences; we held that the court did not err in adopting the inference unfavorable to the appellant. The *Gereke* court was merely saying that it was the trial court, and not the appellate court, that must be satisfied with the quantum of evidence; it intended no departure from our rule that the usual burden in civil cases, and not the enhanced burden essential in fraud cases, is required.

Testimony of the plaintiff as to the discussion with the defendants prior to taking title, plus the evidence of the subsequent conduct of the parties at the time of closing and over a period of years thereafter, was adequate to establish the existence of an agreement at the time title was acquired, where the evidence appeared satisfactory to and was relied upon by the trier of fact.

Appellants claim error in that there was no "evidence sufficient to rebut the presumption of gift or advancement . . . ." We recognized the presumption of gift, where the consideration is furnished by a husband and title is taken in the name of the wife, in *Olson v. Peterson,* 88 Kan. 350, 128 Pac. 191 (1912). The rule is concisely and clearly stated in Restatement (Second) of Trusts § 442 (1959):

"Where a transfer of property is made to one person and the purchase price is paid by another and the transferee is a wife, child or other natural object of bounty of the person by whom the purchase price is paid, a resulting trust does not arise unless the latter manifests an intention that the transferee should not have the beneficial interest in the property."

The presumption of gift, however, is rebuttable, as is pointed out in § 443:

"Where a transfer of property is made to one person and the purchase price is paid by another, and the transferee is a wife, child or other natural object of bounty of

the person by whom the purchase price is paid, and the latter manifests an intention that the transferee should not have the beneficial interest in the property, a resulting trust arises."

Here, there is ample evidence of a contrary intent—the discussion between the parties, the intent of the father to facilitate the continuation of the family business if he should die while the business was in operation, his "self help" effort at estate planning, and the acts and conduct of the parties.

Appellants also urge that the doctrine of resulting trusts is inapplicable to property held as joint tenants with right of survivorship. They rely on *Dexter v. Dexter,* 481 F.2d 711, 713 (10th Cir. 1973). Reliance on *Dexter* is misplaced, however, for the claimant there was not a joint tenant with one supplying the consideration, but was challenging succession to ownership under the survivorship provisions of the deed by claiming an equitable right to succeed to the survivor's interest.

The statute, K.S.A. 58-2408, speaks of "the land or some interest therein"; joint interests are not excluded. In *Winsor v. Powell,* 209 Kan. 292, 497 P.2d 292 (1972), we found that the incidents of joint ownership of personal property (including right of survivorship) were no bar to a resulting trust. By the same rationale, the holding of title to realty in joint tenancy or as tenants in common does not prevent there being a resulting trust.

We conclude that the trial court did not err.

The judgment is affirmed.

FROMME, J., not participating.