In re Wilber HANSCHU, Debtor.

**FIRST NATIONAL BANK OF HERINGTON, Plaintiff,**

v.

**Wilber HANSCHU and Burma Hanschu, Defendants.**

No. 85–40769–11.
Civ. Nos. 87–4167–R, 87–4173–R.
Adv. No. 86–0068.

United States District Court,
D. Kansas.

Sept. 19, 1990.

**806**

William E. Metcalf, Metcalf & Justus, Topeka, Kan., for plaintiff.

Dan E. Turner, Ruth E. Graham, Sloan, Listrom, Eisenbarth, Sloan & Glassman, Topeka, Kan., David Stutzman, Arthur, Green, Arthur & Conderman, Manhattan, Kan., Kurt Stohlgren, U.S. Trustee's Office, Wichita, Kan., for defendants.

## ORDER

ROGERS, District Judge.

These are long-pending appeals from an order of the bankruptcy court sustaining the complaint of the First National Bank of Herington concerning the recovery of certain property. The appeals have been consolidated by the court. The Federal Deposit Insurance Corporation has succeeded to the interest of the First National Bank of Herington. Debtor Wilber Hanschu has been granted permission to dismiss his appeal. Burma Hanschu, who is not a debtor in the underlying bankruptcy but who was named as a defendant in the Herington bank's complaint, continues to prosecute the appeals.

The complaint challenged debtor's transfer of a ½ interest in several tracts of land to Burma Hanschu a few months prior to filing bankruptcy. The following factual findings by the bankruptcy court appear undisputed:

Debtor and Burma Hanschu have been married for 42 years. During that time, Mrs. Hanschu owned and operated as her separate property a dairy farm. Mrs. Hanschu contributed all the profits from the dairy to debtor's farming operation.

Mrs. Hanschu does not know what percentage of their total income came from the dairy.

Also during the marriage, debtor purchased eleven tracts of real estate. He obtained title to all tracts in his own name. Debtor purchased the tracts with money from his farming operation. Although debtor's attorney alleges the land was bought under an agreement with Mrs. Hanschu that title would be put in their names as joint tenants, there is no direct evidence of such an agreement. Debtor testified he told his wife she owned half, because he thought she did. Mrs. Hanschu testified she thought the land was one-half hers.

In any event, Mrs. Hanschu cosigned notes and mortgages on the land, except for Tract 11. When she later discovered her name was not on the deeds, she became upset. Debtor then executed quitclaim deeds to himself and Mrs. Hanschu as joint tenants, on May 4, 1985, a few months before he filed for bankruptcy. The transfer was for no present consideration. Debtor's schedules reflect that he was insolvent at the time of the transfer.

The bankruptcy court held that the transfer of property must be set aside as a fraudulent transfer under 11 U.S.C. § 548(a)(2)(A), i.e., as a transfer within one year of the filing of the petition wherein the debtor "received less than a reasonably equivalent value in exchange for such transfer."

Burma Hanschu argued before the bankruptcy court that the transferred interest had been held by debtor in a resulting or constructive trust for Mrs. Hanschu prior to the transfer and, therefore, there was no transfer in return for less than reasonably equivalent value. The bankruptcy court rejected the notion of a resulting trust holding that "the circumstantial evidence of Mrs. Hanschu's signing of the mortgages, in the absence of other evidence, is insufficient to permit the Court to find the existence of an 'agreement' necessary to establish a resulting trust." The bankruptcy court further stated that "[t]he test of the sufficiency of the evidence for such an agreement [to hold in trust] is that it must

be clear and satisfactory to the trial court."

 On appeal, Burma Hanschu contends that the bankruptcy court applied the wrong burden of proof. This appears correct. In *University State Bank v. Blevins*, 227 Kan. 40, 605 P.2d 91, 94 (1980), the Kansas Supreme Court held that proof of a resulting trust "need not be in writing; it may be proved by parol, or by circumstantial evidence." It was further held that the usual burden of proof in civil cases should be applied, "not the enhanced burden essential in fraud cases ..." *Id.* By holding that evidence of an agreement must be "clear and satisfactory," the bankruptcy court does not appear to have applied the usual preponderance of the evidence standard that is employed in most civil cases. The FDIC invites this court to review the evidence under any burden of proof. This is tempting, particularly given the age of these appeals. But, the court is not convinced beyond question that the error in this case was harmless. The bankruptcy court acknowledged some evidence, albeit circumstantial, in support of the resulting trust. Therefore, the court shall remand these cases for the application of the preponderance of the evidence standard by the bankruptcy court. See *Cavalier Carpets, Inc. v. Caylor*, 746 F.2d 749, 758 (11th Cir.1984) (where jury was improperly instructed that plaintiff had to prove scienter by clear and convincing evidence, appellate court must remand for new trial unless the error was harmless).

Burma Hanschu also argued that she owned the interest in the property in question, prior to the formal transfer of the interest by the debtor, through the operation of a constructive trust. After a review of the record, the court concurs with the finding of the bankruptcy court that there was insufficient evidence of fraudulent, unconscionable or unethical conduct upon which to base the creation of a constructive trust. Evidence of wrongdoing is necessary to find a constructive trust. See *In re Estate of Zimmerman*, 207 Kan. 354, 357, 485 P.2d 215 (1971). Therefore, we affirm the bankruptcy court's rejection of Burma Hanschu's claim of a constructive trust.

The remaining issues raised on appeal have not been briefed by both sides. The court shall affirm the bankruptcy court's findings regarding the value of the real estate, as no brief challenging those findings has been filed with this court.

Burma Hanschu has also argued that the transfer of debtor's interest in *some* of the tracts is a moot issue because debtor had no equity in the property. The bankruptcy court rejected this argument, holding that debtor's plan of reorganization would discharge the entire debt on the tracts, release Mrs. Hanschu from her share of the debt, and, in effect, give Mrs. Hanschu property free and clear of debt. Mrs. Hanschu contends that she would remain liable on the notes and mortgages covering all the real estate and that nothing would prevent the creditors from foreclosing on her ½ of the property. The FDIC has not opposed Burma Hanschu's position on appeal. It is not clear to the court whether the transfer of debtor's interest in ½ of the income from the property in question would be harmful to the creditors. So, the court will direct that the mootness issue be returned for: consideration of whether transfer of rights to income from the property would be harmful to creditors; resolution of the issue if there is no disagreement between the parties; or a fuller argument on appeal if this matter is again appealed to this court.

In conclusion, the court remands this matter for consideration of whether Mrs. Hanschu demonstrated by a preponderance of the evidence an agreement that debtor was holding Mrs. Hanschu's ½ interest in the property in a resulting trust for Mrs. Hanschu. The court affirms the bankruptcy court's finding of no constructive trust. The court affirms the bankruptcy court's valuation of the property. The court remands the mootness issue for further consideration, resolution, or rebriefing upon future appeal.

IT IS SO ORDERED.