**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 13, 2015**

**Elisabeth A. Shumaker**
**Clerk of Court**

PUBLISH

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

In re:  TUNG THANH NGUYEN;
PAMELA S. NGUYEN,

     Debtors.

------------------------------

CARL B. DAVIS, Trustee,

     Plaintiff - Appellant,

v.

HOA THI PHAM; NOEL ESPLUND;
LISA STIRRAT, formerly Lisa Dang,

     Defendants - Appellees.

No. 14-3123

_____

**Appeal from the Bankruptcy Appellate Panel**
**(BAP No. 13-002-KS)**
_____

Kenneth H. Jack of Davis & Jack, LLC, Wichita, Kansas, for Plaintiff-Appellant.

Alec Nguyen of Nguyen Law Offices, LLC, Wichita, Kansas, for Defendants-Appellees.
_____

Before **BRISCOE**, Chief Judge, **EBEL** and **TYMKOVICH**, Circuit Judges.
_____

**BRISCOE**, Chief Judge.

_____

Chapter 7 bankruptcy trustee Carl Davis appeals from a decision by the U.S. Bankruptcy Court for the District of Kansas (Bankruptcy Court), which was affirmed by the U.S. Bankruptcy Appellate Panel of the Tenth Circuit (BAP). Davis sought to avoid, as a fraudulent conveyance, debtor Tung Nguyen's transfer to his sister of his interest in a piece of real property. Both the Bankruptcy Court and the BAP concluded that Nguyen possessed only bare legal title to the property and that such an interest is not one that may be avoided under the Bankruptcy Code, 11 U.S.C. § 548(a)(1)(B). Exercising jurisdiction pursuant to 28 U.S.C. § 158(d)(1), we affirm the Bankruptcy Court's decision.

**I**

This case stems from several transactions related to a single piece of real property in Reno County, Kansas. On September 26, 2007, Hoa Thi Pham purchased the property in joint tenancy with her friend (now common-law husband) Noel Esplund, with Pham contributing two-thirds of the approximately $170,000 purchase price and Esplund contributing one-third. Two days after purchasing the land, Pham and Esplund conveyed the property to Esplund and to Pham's children, Tung Nguyen and Lisa Dang (now Lisa Stirrat), as joint tenants with rights of survivorship.

On May 29, 2008, Nguyen transferred his interest in the land to Dang and Esplund via a quitclaim deed for no compensation.[1] Almost one year later, on May

_____

[1] A later deed dated February 26, 2009, indicated that Dang possessed a two-thirds interest and Esplund possessed a one-third interest in the subject property.

27, 2009, Nguyen and his wife Pamela filed for Chapter 7 bankruptcy protection. The trustee for Tung Nguyen's bankruptcy estate, Carl Davis, filed a complaint against Pham, Esplund, and Dang in Bankruptcy Court on January 26, 2011. The complaint sought to avoid the transfer of Nguyen's interest in the property to the defendants Dang and Esplund under 11 U.S.C. § 548(a)(1)(B),[2] alleging that Nguyen transferred his interest in the Reno County property less than two years before filing for bankruptcy, that he was insolvent at the time of the transfer, and that he received less than reasonably equivalent value for the property.

---

[2] Section 548(a)(1)(B) of the Bankruptcy Code states:
> The trustee may avoid any transfer . . . of an interest of the debtor in property, or any obligation . . . incurred by the debtor, that was made or incurred on or within 2 years before the date of the filing of the petition, if the debtor voluntarily or involuntarily—
> . . .
> (B)
>> (i) received less than a reasonably equivalent value in exchange for such transfer or obligation; and
>> (ii)
>>> (I) was insolvent on the date that such transfer was made or such obligation was incurred, or became insolvent as a result of such transfer or obligation;
>>> (II) was engaged in business or a transaction, or was about to engage in business or a transaction, for which any property remaining with the debtor was an unreasonably small capital;
>>> (III) intended to incur, or believed that the debtor would incur, debts that would be beyond the debtor's ability to pay as such debts matured; or
>>> (IV) made such transfer to or for the benefit of an insider, or incurred such obligation to or for the benefit of an insider, under an employment contract and not in the ordinary course of business.

After an evidentiary hearing, the Bankruptcy Court concluded that Nguyen possessed only bare legal title to the property and that his mother possessed equitable ownership of his one-third share. The court concluded that Pham's transfer to her children fell under a provision of Kansas law that allows a resulting trust to form when one party (the payor) provides the consideration for a piece of property, but enters into an agreement with another non-paying party "without fraudulent intent" for the non-paying party to hold the property in trust for the payor. Kan. Stat. Ann. § 58-2408. Specifically, the court determined that Pham and Nguyen had such an agreement based on the testimony provided by Pham and Nguyen about the circumstances of the transfer. After subsequent briefing, the Bankruptcy Court concluded that bare legal title, when transferred for no consideration, is not an "interest in property" that may be avoided under § 548(a)(1)(B) and denied Davis's requested relief. In re Nguyen, No. 09-11640, 2013 WL 153755, at *2 & n.13 (Bankr. D. Kan. Jan. 15, 2013) (collecting bankruptcy court cases that have so held). The trustee appealed the decision to the BAP, which affirmed the Bankruptcy Court's decision.

## II

### A. Standard of review

"Although this appeal is from a decision by the BAP, we review only the Bankruptcy Court's decision." In re Miller, 666 F.3d 1255, 1260 (10th Cir. 2012) (internal quotation marks omitted). "By this we do not mean that we ignore the procedural posture of the case before us—an appeal from a BAP decision. Rather, we

4

mean that we treat the BAP as a subordinate appellate tribunal whose rulings are not entitled to any deference (although they certainly may be persuasive)." In re Warren, 512 F.3d 1241, 1248 (10th Cir. 2008). "We review matters of law de novo, and we review factual findings made by the bankruptcy court for clear error." Miller, 666 F.3d at 1260 (internal quotation marks omitted).

**B. Can a resulting trust and joint tenancy co-exist under Kansas law?**

The parties do not appear to dispute that, if the Bankruptcy Court and the BAP are correct that Nguyen merely possessed "bare legal title" to the property interest in question, Davis may not use § 548(a)(1)(B) of the Bankruptcy Code to avoid the transfer. Nor do the parties appear to challenge the Bankruptcy Court's factual finding that Pham intended to create a resulting trust with the transfer of her legal interest in the property to Nguyen and Dang. Rather, at issue in this case is whether such an arrangement is contrary to Kansas law.

Thus, Davis's argument on appeal rests on the idea that a resulting trust is incompatible with a joint tenancy under Kansas law and this circuit's precedent. Davis argues that if a resulting trust is indeed legally impossible, Nguyen actually possessed legal and equitable title to a one-third interest in the property that § 548(a)(1)(B) may reach. Specifically, Davis contends that because a joint tenancy requires the "four unities" of time, title, interest, and possession, and because Esplund indisputably possessed a one-third legal and equitable interest in the property in question, Dang and Nguyen must also have possessed both legal and equitable title to the property as part of the joint tenancy arrangement. Aplt. Br. at 9; see also 220 Am.

5

Jur. 2d Cotenancy and Joint Ownership § 5 (Feb. 2015) ("'Unity of interest,' as one of the four unities required for the existence of a joint tenancy, means that the joint tenants' shares are all equal and the duration and quality, legal or equitable, of their estates are the same.").

Although Davis is correct that the formation of a joint tenancy generally requires those four unities, it is nonetheless clear that Kansas courts have concluded that holding real property as a joint tenancy does not bar the existence of an equitable trust. See, e.g., Winsor v. Powell, 497 P.2d 292, 299 (Kan. 1972); see also Univ. State Bank v. Blevins, 605 P.2d 91, 95 (Kan. 1980). Although Kansas caselaw does not state precisely *why* a resulting trust would not destroy the unity of interest in a joint tenancy, Kansas courts have stated that equitable trusts and joint tenancies are compatible.

> As we view them, the rules which relate to trusts are applicable when property is titled in joint tenancy as well as when property is otherwise held. We are not persuaded that ownership in joint tenancy is incompatible with the legal concepts which govern the field of trusts, or that joint tenancy ownership was ever intended as a device to cloak injustice or to excuse overreaching.

Winsor, 497 P.2d at 299; see also Blevins, 605 P.2d at 95 (affirming Winsor and concluding that "incidents of joint ownership of personal property . . . [a]re no bar to a resulting trust. . . . [T]he holding of title to realty in joint tenancy or as tenants in common does not prevent there being a resulting trust").

Other state courts have similarly concluded that resulting trusts are compatible with joint tenancies. Two separate, but related, rationales seem to underlie those

6

decisions. First is the idea that a resulting trust is an equitable remedy that can override aspects of a joint tenancy without destroying it. See, e.g., Fenderson v. Fenderson, 685 A.2d 600, 607 (Pa. Super. Ct. 1996) (concluding "that the creation of a resulting trust does not destroy the four unities" and that a party not listed on the deed was nonetheless a joint tenant due to the trust). A second rationale appears to be that a resulting trust would prevail over a joint tenancy and potentially destroy the unity of interest, resulting in a tenancy in common. See Kane v. Johnson, 73 N.E.2d 321, 324 (Ill. 1947) ("The unities of interest in the property were not the same. The fact that the deed purported to convey the property in joint tenancy . . . would not prevent the application of the equitable principles which control the establishment of a resulting trust.").

Either rationale may explain the previous Kansas Supreme Court holdings, particularly given that joint tenancies are disfavored under state law. See Spark v. Brown, 205 P.2d 938, 942 (Kan. 1949); see also Walnut Valley State Bank v. Stovall, 574 P.2d 1382, 1384 (Kan. 1978) ("While a joint tenancy has many laudable uses, it is not a panacea. Many injustices have resulted through use of the device. Upon proper showing we have imposed constructive trusts on property in the hands of a surviving joint tenant in order to avoid unintended results."). Regardless of the rationale, Kansas law does not support Davis's argument that a resulting trust could not coexist

with a joint tenancy because of the "unity of interest" required to create a joint tenancy.[3]

Davis's second argument on appeal is that this court's precedent in Dexter v. Dexter, 481 F.2d 711 (10th Cir. 1973), controls this case. In Dexter, we said that Kansas's resulting trust "statute does not apply when title to property is taken in joint tenancy." Id. at 714. The BAP disagreed with Davis and concluded that the Kansas Supreme Court's subsequent statements in Blevins, 605 P.2d at 94-95, controlled the case. In re Nguyen, No. 09-11640, 2014 WL 1870653, *5-6 (B.A.P. 10th Cir. 2014). Both Davis and the BAP attempt to factually distinguish this case from Blevins and Dexter, respectively. In Dexter, a son was claiming to be a trust beneficiary based on statements in his parents' will and oral statements made during their lifetime that the property they held in joint tenancy should ultimately benefit the son. 481 F.2d at 713. In Blevins, a father and son ostensibly held a piece of property in joint tenancy, but the father argued that the son held his property interest in trust for the father, who had paid for and controlled the property. 605 P.2d at 93-94. The Blevins court addressed

---

[3] Pham points to In re Estate of Lasater, 54 P.3d 511 (Kan. Ct. App. 2002), for the proposition that "there is no requirement of unity of equality of interest" in a joint tenancy and thus it is permissible for one joint tenant to hold bare legal title and another to hold legal and equitable title. Aplee. Br. at 13 (citing Lasater, 54 P.3d at 514). However, Lasater was referring to the presumption that joint tenancies are owned in equal shares; the case involved a mother who had explicitly stated that she had a 99 percent interest in a joint tenancy with her son. 54 P.3d at 513. At issue was the ownership share, not the type of ownership. The Kansas Supreme Court has directly stated that the presumption of equal percentage ownership is rebuttable, but it has not spoken on the issue of whether legal and equitable title may be severed in a joint tenancy. See Lasater, 54 P.3d at 514 (citing Walnut Valley State Bank v. Stovall, 574 P.2d 1382, 1385-86 (Kan. 1978)).

8

Dexter by noting that "the claimant [in Dexter] was not a joint tenant with one supplying the consideration, but was challenging succession to ownership under the survivorship provisions of the deed by claiming an equitable right to succeed to the survivor's interest." Blevins, 605 P.2d at 94.

Davis argues that the Kansas Supreme Court in Blevins deliberately did not reject Dexter's holding, choosing instead to reserve its applicability for situations, such as the one presented here, where a party claiming to be a beneficiary of a resulting trust is not listed on the joint tenancy deed.[4] However, that does not appear to be the factual distinction the Kansas Supreme Court made. Rather, the court noted that the son in Dexter did not claim to be a party to the original joint tenancy or to have contributed the consideration for the property; his sole claim was that his mother and father had agreed to hold their joint tenancy property in trust for him. Dexter, 481 F.2d at 713-14. By contrast, the BAP concluded that Dexter was factually distinct from this case. The BAP stated that in Dexter, neither parent was alive to testify to their intentions with regard to the property they once held in joint tenancy. In re Nguyen, 2014 WL 1870653 at *5-6 (citing Dexter, 481 F.2d at 714). In this case, however, the BAP noted that both Pham and Nguyen testified that Nguyen held the property interest in trust for Pham, and the Bankruptcy Court made a factual finding that Pham and Nguyen had made an agreement to form a trust. Id.

---

[4] Davis also attempts to limit the holding of Winsor to cases involving constructive trusts, which require some proof of wrongdoing, Aplt. Br. at 13, but Blevins involved a resulting trust, and the court made no distinction between the two types of equitable trusts. 605 P.2d at 94-95.

9

As Davis states, the BAP's factual distinction seems to relate more to the amount and quality of proof needed to establish a resulting trust under Kansas law than to Dexter's broad holding that the resulting trust statute is incompatible with joint tenancies. But Davis's purported factual distinction—that Dexter still applies to cases in which the trust beneficiary is not listed as a joint tenant on the deed—is also not satisfying. Although there are many reasons why being listed on a deed is useful in property law, being able to receive the benefit of an equitable trust is not one of them.[5] See, e.g., Kull v. Pearl, 76 P.2d 790, 799 (Kan. 1938) (concluding a resulting trust in real property existed in favor of a wife not listed with her husband on the deed); Lyons v. Berlau, 73 P. 52, 54 (Kan. 1903) (concluding similarly regarding a resulting trust between a deceased man and his caretaker). Additionally, while the Blevins court did make particular mention of the fact that the alleged trust beneficiary in Dexter was not a joint tenant, 605 P.2d at 94, it cited the Winsor case approvingly, and that case notably involved trust parties who were not party to a written joint tenancy agreement. Blevins, 605 P.2d at 95 (citing Winsor, 497 P.2d at 295-96). The Blevins court also broadly stated that joint tenancies are compatible with resulting trusts under Kan. Stat. Ann. § 58-2408. Blevins, 605 P.2d at 95 (stating "incidents of

---

[5] This is not to say that the beneficiary of a resulting trust will always trump a third party's claim to an interest in property. As noted by the BAP in In re Kasparek, a bona fide purchaser may take possession of an interest in property held in an equitable trust if it had no notice of the existence of a trust. 426 B.R. 332, 342-44 (B.A.P. 10th Cir. 2010) (concluding that "a bona fide purchaser's title is superior to the title of the beneficiary of an implied trust" and that a bankruptcy trustee's status as a hypothetical bona fide purchaser would allow him to "take title free and clear of implied trust interests").

joint ownership of personal property (including right of survivorship) were no bar to a resulting trust").

Thus, <u>Blevins</u> reads more like an implied rejection of <u>Dexter</u> than a mere factual distinction, particularly given its statement that "[t]he statute, K.S.A. [§] 58-2408, speaks of 'the land or some interest therein . . . .'; joint interests are not excluded." <u>Blevins</u>, 605 P.2d at 94-95. "When an intervening decision of a state's highest court has resolved an issue of state law directly contrary to this circuit's prediction of how the state court would resolve the same issue, we are bound by the later state ruling, not by our prior panel's interpretation of state law." <u>Blackhawk–Cent. City Sanitation Dist. v. Am. Guarantee & Liab. Ins. Co.</u>, 214 F.3d 1183, 1194 n.4 (10th Cir. 2000). Although the Kansas Supreme Court did not say outright that <u>Dexter</u> was wrongly decided, its holding in <u>Blevins</u> indicates that we are no longer bound by the broad conclusion of <u>Dexter</u> that Kan. Stat. Ann. § 58-2408 does not apply to joint tenancy situations.

Thus, although having one's name on a deed or having all parties to the trust arrangement alive to testify as to their intent in a particular transaction may improve the likelihood that a court will find that a resulting trust agreement existed under Kan. Stat. Ann. § 58-2408, neither factual scenario appears to be required to prove the existence of such an agreement under Kansas law. Moreover, nothing in Kansas law forbids the creation of a resulting trust with land held in joint tenancy. Davis is not challenging the Bankruptcy Court's factual finding that Pham and Nguyen intended to create a resulting trust under Kan. Stat. Ann. § 58-2408, or its legal conclusion that

11

bare legal title is not an interest that may be avoided under 11 U.S.C. § 548(a)(1)(B).

We therefore affirm the Bankruptcy Court's ruling that Davis may not use 11 U.S.C.

§ 548(a)(1)(B) to avoid Nguyen's transfer to Dang.

## III

For the reasons set forth above, we AFFIRM the Bankruptcy Court's denial of

relief to Davis under 11 U.S.C. § 548(a)(1)(B).