NOT DESIGNATED FOR PUBLICATION

No. 128,133

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

In the Matter of the Estate of Rose Marie Fry.

MEMORANDUM OPINION

Appeal from Anderson District Court; ERIC W. GODDERZ, judge. Oral argument held August 5, 2025. Opinion filed September 12, 2025. Affirmed.

*Jacob T. Knight*, of Knight Law, LLC, of Iola, for appellant Pamela Noonan.

*P. Bernard Irvine*, of Irvine Law, LLC, of Manhattan, for appellee William Eldon Fry.

Before HILL, P.J., MALONE and HURST, JJ.

PER CURIAM:  Real estate deeds are unique documents under the law. They recognize one inescapable truth: land lasts forever, people do not. Deeds proclaim *what* is given and *what* is received. They describe *how* it is given and *how* it is received. A valid deed's words are instructions honored by the law. They do not do their work in secret. Deeds are recorded and displayed publicly so that all who are interested can see who owns an interest in land and how it is owned. A deed's terms of conveyance will be enforced in courts of law and equity.

Such an enforcement is what happened in this appeal when a court interpreted and followed the written provisions of two deeds. A probate court decided that a probate estate had no interest in a farm in Anderson County. The court ruled so after examining the wording of two deeds and applying the traditional rules of real estate law. We hold that the probate court did its work correctly and affirm its decision.

1

*The ownership of one farm is determined by two deeds.*

Rose Marie Fry died intestate in 2022. Her husband, William E. Fry, predeceased her. Rose was survived by her three children: William "Bill" Fry, Pamela Noonan, and Cheri Clark. This appeal concerns two deeds that conveyed a tract of land to Rose and her husband and her son, Bill, and his wife. The two deeds—a Joint Tenancy Warranty Deed and a Co-Conservators' Deed—were executed on the same day.

This tract of real estate is known as the "New Farm" to this family. At the time the deeds were executed, there was a split ownership of the farm. Oscar New owned an undivided three-fourths interest in the farm and nine others owned the remaining one-fourth interest. The two co-conservators signed the conservators' deed on behalf of Oscar New—a disabled person—and the nine others signed the Joint Tenancy deed. Thus, the entire ownership interest in the New Farm was conveyed to these two couples.

After Rose's death, the estate administrator included a one-eighth interest in the New Farm in the inventory and valuation of Rose's estate. Bill objected to the inclusion of any interest in the New Farm, arguing that Rose's share had been transferred to him and his wife as the surviving joint tenants. The probate court resolved the dispute in Bill's favor.

The court found that the two deeds conveyed a joint tenancy to both married couples—not only between each spouse but also between the two couples. The court stated that the deeds' language "indicates that both couples receive their interests as joint tenants with right of survivorship." The court noted that it was "pretty apparent to the Court when you read the two [deeds] together what they were attempting to accomplish," which was a joint tenancy. In other words, the court was inferring the intent of the grantors from the wording of these two deeds.

Finally, the court found that the deeds were clear that upon the death of one of the couples, their interest passes to the surviving couple. Therefore, the deeds conveyed a joint tenancy "not only between the two couples, the husband and wife, but also joint tenancy between the two couples." The court gave its reasoning:

"I don't see how else to read those two deeds, especially in light of the fact it's repeated more than once that this was joint tenancy between the two couples.

"If it was only going to be joint tenancy and it ended between the couples, between them as husband and wife, there wouldn't be this additional language about joint tenants -- undivided share in the whole as joint tenants and not as tenants in common. Throwing that extra language in there about joint tenancy between the two couples created a joint tenancy between them all. And upon the death of one of the couples, the way it ended up working out, when William and Rose passed away their interest passed to Bill and Vicki."

This flow chart depicts the court's holding on the relationship and ownership interests between both the couples and their spouses.



The question in this appeal is: did the court err when it ruled there was a joint tenancy between the two couples? This is a question of law.

*We are guided by well-established law.*

The interpretation and legal effect of written instruments are matters of law, and an appellate court exercises unlimited review. *First Security Bank v. Buehne*, 314 Kan. 507, 510, 501 P.3d 362 (2021). Our goal here is to determine the parties' intent. If the contract terms are clear, the intent of the parties is to be determined from the language of the contract without applying rules of construction. *Russell v. Treanor Investments*, 311 Kan. 675, 680, 466 P.3d 481 (2020).

*There are two different types of jointly owned real property in Kansas.*

There are two ways to jointly own property in Kansas: as tenants in common or as joint tenants with right of survivorship. Tenancy in common occurs when two or more people own equal or undivided shares with equal rights to possess the whole property but no right of survivorship. The joint tenancy differs most notably by having right of survivorship—when a joint tenant dies, their share passes to the surviving joint tenant. 1 Elrod, Kansas Law and Practice: Kansas Family Law § 4:7 (2024 ed.).

The law presumes a tenancy in common exists unless the instrument of conveyance "makes it clear that a joint tenancy was intended to be created." K.S.A. 58-501. *Estate of Darby v. Bettencourt*, No. 120,247, 2019 WL 4558046, at *3 (Kan. App. 2019) (unpublished opinion).

The grantor's intention to create a joint tenancy must be clearly ascertained. K.S.A. 58-501. Though not necessary, joint tenancies are created with the phrase "as joint

4

tenants, with right of survivorship and not as tenants in common." 1 Elrod, Kansas Law and Practice: Kansas Family Law § 4:7.

Because of the significant distinction between a joint tenancy and a tenancy in common, the cases about the issue mined the wording of the deeds of conveyance for the parties' intent. This search often found the phrase, "as joint tenants, with right of survivorship and not as tenants in common." Once those magic words were found, the mystery of which ownership interest applied vanished. But those words are not inscribed on stone tablets and brought down from on high. Instead, they are a clear manifestation of the intent of the parties, but they are not a strict legal requirement. Basically, it is not a question of whether the grantors followed some formula, but it is a question of what was the parties' intent.

Following this principle, Kansas courts have found joint tenancies where conveyances described a joint tenancy but did not contain the so-called magic words. In *Spresser v. Langmade*, 199 Kan. 96, 99, 427 P.2d 478 (1967), the court held that the clear language referring to grantees as joint tenants with right of survivorship overcame any issue with reference to heirs, successors and assigns. See also *Riggs v. Snell*, 186 Kan. 355, 356-57, 350 P.2d 54 (1960) (introductory clause described joint tenancy but later referred to heirs and assigns in granting, habendum, and warranty clauses); *Householter v. Householter*, 160 Kan. 614, 618-19, 164 P.2d 101 (1945) (will conveyed joint tenancy where repeatedly used the term "jointly" and other sections of the will did not use the term); *In re Estate of Lasater*, 30 Kan. App. 2d 1021, 1025, 54 P.3d 511 (2002) (magic words were not used but grantor's intent was nevertheless clear to create joint tenancy).

Thus, the true search here is to find the parties' intent.

5

*We examine the two deeds.*

The language of each deed resolves this appeal, and so each deed's provision is separated and compared below.

First, the deeds conveyed two interests (1/4 and 3/4) in this tract and provided the following description of the property:

| Joint Tenancy Warranty Deed | Co-Conservators' Deed |
|---|---|
| "An undivided one-fourth (1/4th) interest in the East Half (E2) of the Northeast Quarter (NE/4) and the North Half (N/2) of the Southeast Quarter (SE/4) of Section Twenty-one (21), Township Twenty-two (22), Range Eighteen (18)." | "An undivided three-fourths (3/4ths) interest in the East Half (E2) of the Northeast Quarter (NE/4) and the North Half (N/2) of the Southeast Quarter (SE/4) of Section Twenty-one (21), Township Twenty-two (22), Range Eighteen (18), Anderson County, Kansas." |
|  |  |

The legal description pictures a farm of approximately 160 acres plotted in a reverse L shape—80 acres in the vertical leg sitting on top of 80 acres in the horizontal leg below.

Next, because the grantors differed in each deed—the two deeds reflected the unique grantors and the relationships between them:

| Joint Tenancy Warranty Deed | Co-Conservators' Deed |
|---|---|
| "Mary Jane Holloway and Neil Holloway, her husband; Irvin New and Viola New, his wife; Darlene Olson and Gurdon Olson, her husband; Thelma Culler and Arden Culler, her husband; and, Bill New, a single person . . . ." | "Mary Jane Holloway and Irvin New, Co-conservators of the estate of Oscar C. New, a/k/a Oscar New, a disabled person . . . ." |

The Co-Conservators' Deed's introductory clause is important because it used the terms commonly found to create a joint tenancy:

| Joint Tenancy Warranty Deed | Co-Conservators' Deed |
|---|---|
| None | "William E. Fry and Rose M. Fry, husband and wife, *as joint tenants with right of survivorship and not as tenants in common*, an undivided one-half interest; and, William Eldon Fry and Vicki J. Fry, husband and wife, *as joint tenants with right of survivorship, and not as tenants in common*, an undivided one-half interest." (Emphases added.) |

Both deeds contained similar language in the granting clauses, again using terms to create a joint tenancy between each husband and wife and between each couple. Notably, the Joint Tenancy Warranty Deed uses the joint tenancy terms twice—once after listing the grantees individually and then a second time referring to each couple:

| Joint Tenancy Warranty Deed | Co-Conservators' Deed |
|---|---|
| "Convey and Warrant to "William E. Fry and Rose M. Fry, husband and wife, an undivided one-half interest; and William Eldon Fry and Vicki J. Fry, husband and wife, an undivided one-half interest, *as joint tenants with the right of survivorship and not as tenants in common*, each couple having and holding their *respective one-half undivided share in the whole as joint tenants and not as tenants in common . . . .*" (Emphases added.) | "Grantors, by these presents, grant, bargain, sell and convey unto William E. Fry and Rose M. Fry, husband and wife; and William Eldon Fry and Vicki J. Fry, husband and wife, *each couple having and holding their respective one-half undivided share in the whole as joint tenants and not as tenants in common . . . .*" (Emphasis added.) |

7

The habendum clause of the Co-Conservators' Deed again refers to the grantor's intent to convey a joint tenancy and not a tenancy in common:

| Joint Tenancy Warranty Deed | Co-Conservators Deed |
|---|---|
| None | "TO HAVE AND TO HOLD, The above granted premises, together with the appurtenances and hereditaments and every part thereof, unto the grantees, as joint tenants with the right of survivorship and not as tenants in common." |

Here, the language in both deeds conveys the undivided shares to both couples as joint tenants with right of survivorship and not as tenants in common.

*Our analysis*

We must discern the intent of the grantors and grantees from the language of the deeds. When interpreting deeds, or other written instruments, courts first look to the grantor's intent as determined by the language in the deed as a whole. Only when the deed is ambiguous—when two or more meanings can reasonably be construed—does the court look outside the instrument to ascertain intent. Courts apply the plain, general, and common meanings from the terms used in the deed and courts consider the terms within the context that they are used.

When we see the term, "the whole," we take that to mean the entire farm: all 160 acres—not just a portion.

We read the word, "couple," to mean either William E. Fry and Rose M. Fry, husband and wife, or William Eldon Fry and Vicki J. Fry, husband and wife.

*We find the next phrase telling.*

The next phrase, which is found in both deeds, "each couple having and holding their respective one-half undivided share in the whole as joint tenants and not as tenants in common," is important in resolving this dispute. We hold that phrase to mean a joint tenancy between the two couples has been created by both deeds because their terms convey a unity of ownership in this farm. If the intent of the grantors here was to create a tenancy in common between the two couples, as the estate claims, this language is unnecessary. But by including the phrase, the deed demonstrates the intent that each couple receives a unified interest in the whole farm.

Unity of ownership is important in resolving this dispute. Unity of ownership or interest means that the joint tenants' shares are all equal and the duration and quality, legal or equitable, of their estates are the same. 20 Am. Jur. 2d, Cotenancy § 5.

This principle is reflected in caselaw. In the case *In re Tax Protest of Barker*, 50 Kan. App. 2d 375, 382, 327 P.3d 1036 (2014), *rev. denied* 302 Kan. 1010 (2015), a panel of this court discussed the unity of ownership required to form a joint tenancy. The panel reiterated the well-stated rule that a joint tenant owns an undivided interest in the whole property. The panel elaborated on the rule, stating that "every joint tenant owns an undivided whole of the jointly owned property and the joint tenant does not own a share or a fractional part of jointly owned property. Joint means oneness and [the joint tenants] constitute one person . . . ." 50 Kan. App. 2d at 382.

We note that in *Estate of Darby*, a case relied upon by the appellant, the deed in question used language that the interest in real estate that was conveyed in that deed was conveyed to the grantees and "their heirs and assigns." 2019 WL 4558046, at *5. This language is commonly found in many deeds and demonstrates that the grantors are reserving no interest in the real estate that is conveyed by the instrument. But its use in a

9

deed where there is language creating joint tenancy interests creates an ambiguity that the *Estate of Darby* court had to resolve. There is no such ambiguity here because neither the joint tenancy deed nor the co-conservators deed makes any reference to heirs, executors, administrators or assigns. In fact, the absence of such language supports our belief that these deeds create a joint tenancy between these two couples.

Our Supreme Court has found a joint tenancy where the deed used the term "joint tenants" but later referred to the grantees, and their heirs, successors, and assigns. *Spresser*, 199 Kan. at 99 (holding that the clear language referring to grantees as joint tenants with right of survivorship overcame any issue with reference to heirs, successors and assigns); *Householter*, 160 Kan. at 618-19 (holding that a will conveyed joint tenancy where it repeatedly used the term "jointly" while other sections omitted the term); *In re Estate of Lasater*, 30 Kan. App. 2d at 1025 (holding that a conveyance created joint tenancy where magic words were not used but grantor's intent was nevertheless clear to create joint tenancy).

The terms "joint tenants" or "joint tenancy" are used seven times in the two deeds. The district court was correct in finding the language clearly intended to convey an undivided one-half interest to each couple in the entire tract, and their interest would pass to the surviving couple upon the death of the other couple. The district court found the two deeds conveyed a joint tenancy between the two couples and between each couple, the husband and wife. If the intent was to create a joint tenancy among the four individuals, then the use of the word couple would be surplusage.

*The district court correctly found the two deeds created a joint tenancy.*

The two deeds expressly conveyed a joint tenancy between each couple as well as a joint tenancy between the couples. There is no conflicting language between the two deeds nor between each clause within each deed.

10

We hold the district court was correct. This estate has no interest in the New Farm.

Affirmed.